# U. S. District Court
## Western District of Arkansas (Harrison)
## CIVIL DOCKET FOR CASE #: <u>3:17–cv–03092–TLB</u>

Stebbins v. Arkansas, State of et al

Assigned to: Honorable Timothy L. Brooks

Case in other court:  Arkansas Eastern, 4:16–cv–00545

Cause: 42:12101 Americans with Disabilities Act of 1990

Date Filed: 10/13/2017

Date Terminated: 05/08/2018

Jury Demand: Plaintiff

Nature of Suit: 446 Civil Rights: Americans with Disabilities – Other

Jurisdiction: Federal Question

**Plaintiff**

**David A. Stebbins**
*email stebbinsd@yahoo.com*

represented by

**David A. Stebbins**
123 W. Ridge Street
Apt D
Harrison, AR 72601
870–204–6516
PRO SE

V.

**Defendant**

**Arkansas, State of**

represented by

**Christine A. Cryer**
Office of the Arkansas Attorney General
323 Center Street
Suite 1100
Little Rock, AR 72201–2610
(501) 683–0958
Fax: (501) 682–2591
Email: <u>christine.cryer@arkansasag.gov</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amber R. Schubert**
Arkansas Attorney General's Office
Catlett–Prien Tower Building
323 Center Street, Suite 200
Little Rock, AR 72201–2610
501–682–2081
Fax: 501–682–2591
Email: <u>amber.schubert@arkansas.gov</u>
*TERMINATED: 06/01/2017*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Arkansas Rehabilitation Services**

represented by

**Christine A. Cryer**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Amber R. Schubert**
(See above for address)
*TERMINATED: 06/01/2017*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Amy Jones**                    represented by    **Christine A. Cryer**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Amber R. Schubert**
                                                    (See above for address)
                                                    *TERMINATED: 06/01/2017*
                                                    *ATTORNEY TO BE NOTICED*

Email All Attorneys (Primary Address)
Email All Attorneys (Primary and Secondary Address)

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/27/2016 | 1 | | MOTION for Leave to Proceed in forma pauperis, by David A Stebbins. (mcz) [Transferred from ared on 10/13/2017.] (Entered: 07/27/2016) |
| 07/27/2016 | 2 | | COMPLAINT with Jury Demand against All Defendants, filed by David A Stebbins. (mcz) [Transferred from ared on 10/13/2017.] (Entered: 07/27/2016) |
| 07/27/2016 | 3 | | MOTION to Appoint Counsel, by David A Stebbins. (mcz) [Transferred from ared on 10/13/2017.] (Entered: 07/27/2016) |
| 08/02/2016 | 4 | | **ORDER referring Plaintiff's 1 motion to proceed in forma pauperis and 3 motion to appoint counsel to United States Magistrate Judge J. Thomas Ray for decision. Signed by Judge James M. Moody Jr. on 8/2/2016. (ljb) [Transferred from ared on 10/13/2017.] (Entered: 08/02/2016)** |
| 09/15/2016 | 5 | | **ORDER granting 1 Motion for Leave to Proceed in Forma Pauperis; Mr. Stebbins is directed to file the mailing addresses of each of the defendants by 9/29/16; denying 3 Motion to Appoint Counsel. Signed by Magistrate Judge J. Thomas Ray on 9/15/16. (tjb) [Transferred from ared on 10/13/2017.] (Entered: 09/15/2016)** |
| 09/22/2016 | 6 | | RESPONSE to 5 Order to Provide Addresses by David A Stebbins (jap) [Transferred from ared on 10/13/2017.] (Entered: 09/22/2016) |
| 09/22/2016 | 7 | | OBJECTIONS by David A Stebbins re 5 Order Denying Motion for Appointment of Counsel. (jap) [Transferred from ared on 10/13/2017.] (Entered: 09/22/2016) |
| 10/12/2016 | 8 | | **ORDER directing the Clerk to issue summonses for Defendants; directing the USMS to serve the summons and complaint on Defendants in this action without prepayments of costs; and directing the USMS to serve the summons pursuant to the provisions of Rule 4 of the Federal Rules of** |

| | | | |
|---|---|---|---|
| | | | Civil Procedure. Signed by Magistrate Judge J. Thomas Ray on 10/12/2016. (kdr) [Transferred from ared on 10/13/2017.] (Entered: 10/12/2016) |
| 10/12/2016 | | | Summons Issued as to All Defendants. Forwarded to USMS for service. (kdr) [Transferred from ared on 10/13/2017.] (Entered: 10/12/2016) |
| 10/17/2016 | 9 | | MOTION and Incorporated Brief in Support Thereof for Federally Funded Telephone Mediation by David A Stebbins (jap) [Transferred from ared on 10/13/2017.] (Entered: 10/17/2016) |
| 10/24/2016 | 10 | | **ORDER: The Court is treating Plaintiff's 7 Objection as a motion to appeal. The Court agrees with the decision of Judge Ray, and finds that it is neither erroneous nor contrary to the law. The 5 Order of 9/15/2016 is affirmed. Signed by Judge James M. Moody Jr. on 10/24/2016. (mcz) [Transferred from ared on 10/13/2017.] (Entered: 10/24/2016)** |
| 10/26/2016 | 11 | | SUMMONS Returned Executed. Arkansas Rehabilitation Services served on 10/20/2016. (scw) [Transferred from ared on 10/13/2017.] (Entered: 10/26/2016) |
| 10/26/2016 | 12 | | SUMMONS Returned Executed. Amy Jones served on 10/20/2016. (scw) [Transferred from ared on 10/13/2017.] (Entered: 10/26/2016) |
| 11/03/2016 | 13 | | **ORDER denying Plaintiff's 9 Motion without prejudice. Signed by Judge James M. Moody Jr. on 11/3/2016. (mcz) [Transferred from ared on 10/13/2017.] (Entered: 11/03/2016)** |
| 11/10/2016 | 14 | | NOTICE of Appearance by Amber R. Schubert on behalf of Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones (Schubert, Amber) [Transferred from ared on 10/13/2017.] (Entered: 11/10/2016) |
| 11/10/2016 | 15 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones (Schubert, Amber) [Transferred from ared on 10/13/2017.] (Entered: 11/10/2016) |
| 11/10/2016 | 16 | | BRIEF IN SUPPORT re 15 Motion to Dismiss for Failure to State a Claim filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Schubert, Amber) [Transferred from ared on 10/13/2017.] (Entered: 11/10/2016) |
| 11/10/2016 | 17 | | SUMMONS Returned Executed. Arkansas, State of, served on 11/9/2016. (scw) [Transferred from ared on 10/13/2017.] (Entered: 11/10/2016) |
| 11/18/2016 | 18 | | MOTION and Incorporated Brief in Support thereof for Extension of Time to file a response re: 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and MOTION for Sanctions filed by David A Stebbins. (alm) [Transferred from ared on 10/13/2017.] (Entered: 11/18/2016) |
| 11/21/2016 | 19 | | RESPONSE to Motion re 18 MOTION for Extension of Time to File Response/Reply as to 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION for Sanctions filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Attachments: # 1 Exhibit A – Email from Stebbins, # 2 Exhibit B – Email to Stebbins #1, # 3 Exhibit C – Email to Stebbins #2)(Schubert, Amber) [Transferred from ared on 10/13/2017.] (Entered: 11/21/2016) |

| | | |
|---|---|---|
| 11/21/2016 | 20 | **ORDER granting 18 motion for extension of time; granting Plaintiff until 12/05/2016 to file his response to Defendants' 15 motion to dismiss; and denying Plaintiff's 18 motion for sanctions. Signed by Judge James M. Moody Jr. on 11/21/2016. (rhm) [Transferred from ared on 10/13/2017.] (Entered: 11/21/2016)** |
| 11/29/2016 | 21 | MOTION and Incorporated Brief in Support Thereof for Reconsideration of 20 Order Denying Motion for Sanctions by David A Stebbins (jap) [Transferred from ared on 10/13/2017.] (Entered: 11/29/2016) |
| 11/29/2016 | 22 | **INITIAL SCHEDULING ORDER: Rule 26(f) Conference to occur by 1/18/2017; Rule 26(f) Report due by 2/1/2017. Proposed Jury Trial set sometime during the week of 11/13/2017 at 9:15 AM in Little Rock Courtroom # 4A before Judge James M. Moody Jr. Signed at the Direction of the Court on 11/29/2016. (Attachments: # 1 Proposed Final Scheduling Order)(kog) [Transferred from ared on 10/13/2017.] (Entered: 11/29/2016)** |
| 12/06/2016 | 23 | RESPONSE in Opposition re 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by David A Stebbins. (alm) [Transferred from ared on 10/13/2017.] (Entered: 12/06/2016) |
| 12/12/2016 | 24 | **ORDER denying Plaintiff's 21 Motion for Reconsideration. Signed by Judge James M. Moody Jr. on 12/12/2016. (mcz) [Transferred from ared on 10/13/2017.] (Entered: 12/12/2016)** |
| 12/23/2016 | 25 | MOTION for Partial Summary Judgment by David A Stebbins. (scw) [Transferred from ared on 10/13/2017.] (Entered: 12/23/2016) |
| 12/23/2016 | 26 | BRIEF IN SUPPORT re 25 Motion for Partial Summary Judgment filed by David A Stebbins. (scw) [Transferred from ared on 10/13/2017.] (Entered: 12/23/2016) |
| 12/23/2016 | 27 | STATEMENT OF FACTS (Local Rule 56.1) re 25 Motion for Partial Summary Judgment filed by David A Stebbins. (scw) [Transferred from ared on 10/13/2017.] (Entered: 12/23/2016) |
| 12/29/2016 | 28 | RESPONSE in Opposition re 25 MOTION for Partial Summary Judgment filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Schubert, Amber) [Transferred from ared on 10/13/2017.] (Entered: 12/29/2016) |
| 12/29/2016 | 29 | RESPONSE re 27 Statement of Facts (Local Rule 56.1) filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Schubert, Amber) (Docket text modified on 12/29/2016 to correct the description of the document filed.)(thd).[Transferred from ared on 10/13/2017.] (Entered: 12/29/2016) |
| 12/29/2016 | | NOTICE OF DOCKET CORRECTION re: 29 Statement of Facts. CORRECTION: The docket text was modified to correct the description of the document filed as "RESPONSE re 27 Statement of Facts." (thd) [Transferred from ared on 10/13/2017.] (Entered: 12/29/2016) |
| 01/09/2017 | 30 | REPLY to Response to 25 MOTION for Partial Summary Judgment and Reply to 29 Response to 27 Statement of Facts filed by David A Stebbins. (jap)(Docket text modified on 1/11/2017 to correct a typographical error). |

| | | | |
|---|---|---|---|
| | | | (jak) [Transferred from ared on 10/13/2017.] (Entered: 01/10/2017) |
| 01/09/2017 | 31 | | MOTION and Incorporated Brief in Support for Sanctions by David A Stebbins (jap) [Transferred from ared on 10/13/2017.] (Entered: 01/10/2017) |
| 01/09/2017 | 32 | | MOTION and Incorporated Brief in Support Thereof for Contempt by David A Stebbins (jap) [Transferred from ared on 10/13/2017.] (Entered: 01/10/2017) |
| 01/09/2017 | 33 | | UNILATERAL 26(f) Report by David A Stebbins. (jap) [Transferred from ared on 10/13/2017.] (Entered: 01/10/2017) |
| 01/09/2017 | 34 | | NOTICE – Certificate of Service of Discovery Requests by David A Stebbins (jap) [Transferred from ared on 10/13/2017.] (Entered: 01/10/2017) |
| 01/10/2017 | 35 | | RESPONSE in Opposition re 31 MOTION for Sanctions filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Schubert, Amber) [Transferred from ared on 10/13/2017.] (Entered: 01/10/2017) |
| 01/10/2017 | 36 | | RESPONSE in Opposition re 32 MOTION for Contempt filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Schubert, Amber) [Transferred from ared on 10/13/2017.] (Entered: 01/10/2017) |
| 01/10/2017 | 37 | | MOTION to Stay *Discovery* by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones (Attachments: # 1 Exhibit 1 – Stebbins Discovery Requests)(Schubert, Amber) [Transferred from ared on 10/13/2017.] (Entered: 01/10/2017) |
| 01/10/2017 | 38 | | BRIEF IN SUPPORT re 37 Motion to Stay filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Schubert, Amber) [Transferred from ared on 10/13/2017.] (Entered: 01/10/2017) |
| 01/10/2017 | 39 | | MOTION to Stay *26(f) Deadlines* by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones (Schubert, Amber) [Transferred from ared on 10/13/2017.] (Entered: 01/10/2017) |
| 01/10/2017 | 40 | | BRIEF IN SUPPORT re 39 Motion to Stay *26(f) Deadlines* filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Schubert, Amber) [Transferred from ared on 10/13/2017.] (Entered: 01/10/2017) |
| 01/17/2017 | 41 | | SUPPLEMENT filed by David A Stebbins to 23 Response in Opposition to Motion to Dismiss and 31 Motion for Sanctions. (mcz) [Transferred from ared on 10/13/2017.] (Entered: 01/17/2017) |
| 01/18/2017 | 42 | | REPORT of Rule 26(f) Planning Meeting by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. *Defendants' Rule 26(f) report* (Schubert, Amber) [Transferred from ared on 10/13/2017.] (Entered: 01/18/2017) |
| 01/24/2017 | 43 | | RESPONSE to Motion re 39 MOTION to Stay 26(f) Deadlines 37 and MOTION to Stay Discovery filed by David A Stebbins. (jap)(Docket entry modified on 1/26/2017 to correct the file date).(jak) [Transferred from ared on 10/13/2017.] (Entered: 01/25/2017) |
| 01/26/2017 | | | NOTICE OF DOCKET CORRECTION re 43 Response to Motion. CORRECTION: The docket entry was modified to correct the file date to 1/24/2017 as marked on the document. (jak) [Transferred from ared on |

| | | | |
|---|---|---|---|
| | | | 10/13/2017.] (Entered: 01/26/2017) |
| 01/26/2017 | 44 | | (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER granting 37 Motion to Stay discovery until the Court has issued a final ruling on the pending motion to dismiss. Signed by Judge James M. Moody Jr. on 1/26/2017. (sjh) [Transferred from ared on 10/13/2017.] (Entered: 01/26/2017) |
| 01/26/2017 | 45 | | (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER granting 39 Motion to Stay Rule 26(f) deadlines until the Court has ruled on the pending Motion to Dismiss.Signed by Judge James M. Moody Jr. on 1/26/2017. (sjh) [Transferred from ared on 10/13/2017.] (Entered: 01/26/2017) |
| 02/01/2017 | 46 | | (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER finding as moot 31 Motion for Sanctions based on the Court's orders dated January 26, 2017; denying 32 Motion for Contempt because it is unwarranted at this time. Signed by Judge James M. Moody Jr. on 2/1/2017. (sjh) [Transferred from ared on 10/13/2017.] (Entered: 02/01/2017) |
| 03/16/2017 | 47 | | **ORDER REFERRING CASE to Magistrate Judge J. Thomas Ray for consideration and determination of all pre–trial matters and for recommended disposition for the resolution of any dispositive matters. Signed by Judge James M. Moody Jr. on 3/16/2017. (mcz) [Transferred from ared on 10/13/2017.] (Entered: 03/16/2017)** |
| 05/26/2017 | 48 | | NOTICE of Appearance by Christine A. Cryer on behalf of Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones (Cryer, Christine) [Transferred from ared on 10/13/2017.] (Entered: 05/26/2017) |
| 05/26/2017 | 49 | | MOTION to Substitute Attorney by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones (Cryer, Christine) [Transferred from ared on 10/13/2017.] (Entered: 05/26/2017) |
| 06/01/2017 | 50 | | **ORDER granting 49 Defendants' Motion to Substitute Counsel; and substituting Senior Assistant Attorney General Christine A. Cryer as counsel of record for all defendants. Signed by Magistrate Judge J. Thomas Ray on 6/1/2017. (kdr) [Transferred from ared on 10/13/2017.] (Entered: 06/01/2017)** |
| 06/20/2017 | 51 | | RECOMMENDED PARTIAL DISPOSITION recommending that 15 Defendants' Motion to Dismiss be denied in part and granted in part; and Stebbins's Motion for Partial Summary Judgment be denied, without prejudice. Objections due within 14 days of this Recommendation. Signed by Magistrate Judge J. Thomas Ray on 6/20/2017. (kdr) [Transferred from ared on 10/13/2017.] (Entered: 06/20/2017) |
| 06/28/2017 | 52 | | MOTION for Extension of Time to File Response as to 51 PARTIAL REPORT AND RECOMMENDATIONS, filed by David A Stebbins. (alm) [Transferred from ared on 10/13/2017.] (Entered: 06/28/2017) |
| 07/05/2017 | 53 | | (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER granting 52 Motion for Extension of Time to File Response/Reply re 51 PARTIAL REPORT AND RECOMMENDATIONS re 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by |

| | | | |
|---|---|---|---|
| | | | Arkansas Rehabilitation Services, Amy Jones, Arkansas, State of, <u>25</u> MOTION for Partial Summary Judgment filed by David A Stebbins Response due by 7/19/2017. Signed by Judge James M. Moody Jr. on 7/5/2017. (sjh) [Transferred from ared on 10/13/2017.] (Entered: 07/05/2017) |
| 07/06/2017 | <u>54</u> | | RESPONSE to <u>51</u> REPORT AND RECOMMENDATION, filed by David A Stebbins. (alm) [Transferred from ared on 10/13/2017.] (Entered: 07/06/2017) |
| 07/27/2017 | <u>55</u> | | **ORDER Adopting <u>51</u> Recommended Partial Disposition. Defendants' <u>15</u> Motion to Dismiss is Granted in part and Denied in part. Stebbins's <u>25</u> Motion for Partial Summary Judgment is denied, without prejudice. Signed by Judge James M. Moody Jr. on 7/27/2017. (mcz) [Transferred from ared on 10/13/2017.] (Entered: 07/27/2017)** |
| 08/04/2017 | <u>56</u> | | MOTION for Leave to Amend Complaint by David A Stebbins (jap) (Additional attachment(s) added on 8/4/2017: # <u>1</u> Main Document – Correct) (jak). [Transferred from ared on 10/13/2017.] (Entered: 08/04/2017) |
| 08/04/2017 | <u>57</u> | | MOTION for Leave to Amend Pleadings, and MOTION for Joinder of Parties () by David A Stebbins (jap) (Additional attachment(s) added on 8/4/2017: # <u>1</u> Main Document – Correct) (jak). [Transferred from ared on 10/13/2017.] (Entered: 08/04/2017) |
| 08/04/2017 | <u>58</u> | | MOTION to Provide Specific Findings of Fact and Conclusions of Law in Regards to <u>55</u> Order Adopting Report and Recommendation by David A Stebbins (jap) [Transferred from ared on 10/13/2017.] (Entered: 08/04/2017) |
| 08/04/2017 | <u>59</u> | | MOTION to Reset Scheduling Order by David A Stebbins (jap) [Transferred from ared on 10/13/2017.] (Entered: 08/04/2017) |
| 08/04/2017 | <u>60</u> | | NOTICE OF DOCKET CORRECTION re <u>56</u> MOTION for Leave to Amend Complaint and <u>57</u> MOTION for Leave to Amend Pleadings and Motion for Joinder of Parties. CORRECTION: The original documents were attached to docket entries <u>56</u> and <u>57</u> in error due to a clerical mistake by the Clerk's office (wrong file mark dates). The correct documents were added to docket entries <u>56</u> and <u>57</u> and are attached hereto for review by the parties. (Attachments: # <u>1</u> Document 57)(jak) [Transferred from ared on 10/13/2017.] (Entered: 08/04/2017) |
| 08/07/2017 | <u>61</u> | | ANSWER to <u>2</u> Complaint by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones.(Cryer, Christine) [Transferred from ared on 10/13/2017.] (Entered: 08/07/2017) |
| 08/17/2017 | <u>62</u> | | RESPONSE in Opposition re <u>57</u> MOTION for Leave to File MOTION for Joinder, <u>56</u> MOTION for Leave to File filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Cryer, Christine) [Transferred from ared on 10/13/2017.] (Entered: 08/17/2017) |
| 08/21/2017 | <u>63</u> | | MOTION to Strike and for Sanctions by David A Stebbins (jap) [Transferred from ared on 10/13/2017.] (Entered: 08/21/2017) |
| 08/21/2017 | <u>64</u> | | BRIEF IN SUPPORT re <u>63</u> Motion to Strike filed by David A Stebbins. (jap) [Transferred from ared on 10/13/2017.] (Entered: 08/21/2017) |
| 08/21/2017 | 65 | | (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER granting <u>59</u> Motion to Reset Scheduling Order. New Final |

| | | | |
|---|---|---|---|
| | | | Scheduling Order to follow. Signed by Judge James M. Moody Jr. on 8/21/2017. (kog) [Transferred from ared on 10/13/2017.] (Entered: 08/21/2017) |
| 08/21/2017 | 66 | | **FINAL SCHEDULING ORDER: Jury Trial set sometime during the week of 4/23/2018 at 9:15 AM in Little Rock Courtroom # 4A before Judge James M. Moody Jr. Discovery due by 1/12/2018; Motions due by 2/7/2018; Pretrial Disclosure Sheet due by 3/23/2018; Status Report due by 2/22/2018. Signed at the Direction of the Court on 8/21/2017. (kog) [Transferred from ared on 10/13/2017.] (Entered: 08/21/2017)** |
| 08/25/2017 | 67 | | NOTICE – Certificate of Service of Discovery Requests by David A Stebbins (jap) [Transferred from ared on 10/13/2017.] (Entered: 08/25/2017) |
| 08/25/2017 | 68 | | MOTION to Extend Time *to Respond to Discovery* by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones (Cryer, Christine) [Transferred from ared on 10/13/2017.] (Entered: 08/25/2017) |
| 08/28/2017 | 69 | | **ORDER granting 68 Defendants' Motion for Extension of Time to Respond to Plaintiff's Discovery Requests. The deadline is extended to 9/26/2017. Signed by Magistrate Judge J. Thomas Ray on 8/28/2017. (kdr) [Transferred from ared on 10/13/2017.] (Entered: 08/28/2017)** |
| 08/29/2017 | 70 | | RESPONSE to Motion re 68 MOTION for Extension of TimeTime filed by David A Stebbins.(jap) [Transferred from ared on 10/13/2017.] (Entered: 08/29/2017) |
| 08/31/2017 | 71 | | RESPONSE in Opposition re 63 MOTION to Strike filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Cryer, Christine) [Transferred from ared on 10/13/2017.] (Entered: 08/31/2017) |
| 08/31/2017 | 72 | | OBJECTION by David A Stebbins re 69 Order Granting Motion for Extension of Time to Adjust Scheduling Order. (jap) [Transferred from ared on 10/13/2017.] (Entered: 08/31/2017) |
| 08/31/2017 | 73 | | RESPONSE in Opposition re 57 MOTION for Leave to File MOTION for Joinder *(Amended Response)* filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Cryer, Christine) [Transferred from ared on 10/13/2017.] (Entered: 08/31/2017) |
| 09/11/2017 | 74 | | SUPPLEMENT to Motion to Adjust Scheduling Order filed by David A Stebbins re 72 . (jap) [Transferred from ared on 10/13/2017.] (Entered: 09/11/2017) |
| 09/12/2017 | 75 | | MOTION in Limine by David A Stebbins (jap) [Transferred from ared on 10/13/2017.] (Entered: 09/12/2017) |
| 09/12/2017 | 76 | | BRIEF IN SUPPORT re 75 Motion in Limine filed by David A Stebbins. (jap) [Transferred from ared on 10/13/2017.] (Entered: 09/12/2017) |
| 09/12/2017 | 77 | | NOTICE by David A Stebbins (jap) [Transferred from ared on 10/13/2017.] (Entered: 09/12/2017) |
| 09/26/2017 | 78 | | RESPONSE in Opposition re 75 MOTION in Limine filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Attachments: # 1 Exhibit A – C)(Cryer, Christine) [Transferred from ared on 10/13/2017.] |

| | | | |
|---|---|---|---|
| | | | (Entered: 09/26/2017) |
| 09/28/2017 | 79 | | SECOND MOTION for Summary Judgment by David A Stebbins (jap) [Transferred from ared on 10/13/2017.] (Entered: 09/28/2017) |
| 09/28/2017 | 80 | | BRIEF IN SUPPORT re 79 Second Motion for Summary Judgment filed by David A Stebbins. (jap) (Additional attachment(s) added on 9/28/2017: # 1 Main Document – Correct) (jak). [Transferred from ared on 10/13/2017.] (Entered: 09/28/2017) |
| 09/28/2017 | 81 | | STATEMENT of Undisputed Facts in Support of 79 Motion for Summary Judgment filed by David A Stebbins. (jap) (Additional attachment(s) added on 9/28/2017: # 1 Main Document – Correct) (jak). [Transferred from ared on 10/13/2017.] (Entered: 09/28/2017) |
| 09/28/2017 | 82 | | NOTICE OF DOCKET CORRECTION re 80 Brief in Support, 81 Statement of Facts. CORRECTION: The original documents were attached in error due to a clerical mistake by the Clerk's office (incomplete image files). The correct documents were added to docket entries 80 and 81 and are attached hereto for review by the parties. (Attachments: # 1 Document Statement of Facts)(jak) [Transferred from ared on 10/13/2017.] (Entered: 09/28/2017) |
| 10/02/2017 | 83 | | SUPPLEMENT to Plaintiff's Second Motion for Summary Judgment filed by David A Stebbins re 79 . (jap) [Transferred from ared on 10/13/2017.] (Entered: 10/02/2017) |
| 10/12/2017 | 84 | | RESPONSE in Opposition re 79 MOTION for Summary Judgment filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Cryer, Christine) [Transferred from ared on 10/13/2017.] (Entered: 10/12/2017) |
| 10/12/2017 | 85 | | BRIEF IN SUPPORT re 84 Response in Opposition to Motion, filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Cryer, Christine) [Transferred from ared on 10/13/2017.] (Entered: 10/12/2017) |
| 10/12/2017 | 86 | | RESPONSE re 81 Statement of Facts (Local Rule 56.1) by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones (Cryer, Christine) [Transferred from ared on 10/13/2017.] (Entered: 10/12/2017) |
| 10/12/2017 | 87 | | STATEMENT OF FACTS (Local Rule 56.1) re 84 Response in Opposition to Motion, 85 Brief in Support filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Cryer, Christine) [Transferred from ared on 10/13/2017.] (Entered: 10/12/2017) |
| 10/13/2017 | 88 | | **ORDER denying 58 Plaintiff's Motion to Provide Specific Findings of Fact and Conclusions of Law in Regards to Order Adopting Report and Recommendation. Signed by Judge James M. Moody Jr. on 10/13/2017. (cmn) [Transferred from ared on 10/13/2017.] (Entered: 10/13/2017)** |
| 10/13/2017 | 89 | | **ORDER granting Defendants' request for transfer. The Clerk is directed to immediately transfer Stebbins's case file to the Western District of Arkansas, Harrison Division. Signed by Judge James M. Moody Jr. on 10/13/17. (cmn) [Transferred from ared on 10/13/2017.] (Entered: 10/13/2017)** |

| | | | |
|---|---|---|---|
| 10/13/2017 | 90 | | Case transferred in from District of Arkansas Eastern; Case Number 4:16–cv–00545. Docket sheet received. (Entered: 10/13/2017) |
| 10/16/2017 | | | Docket Annotation: Case was improperly assigned 17–3093, the correct case is 17–3092. (tg) (Entered: 10/16/2017) |
| 10/19/2017 | 91 | | MOTION and Incorporated Brief in Support Thereof For Sanctions by David A. Stebbins. (tg) (Entered: 10/19/2017) |
| 10/19/2017 | 92 | | AFFIDAVIT filed by David A. Stebbins. (tg) (Entered: 10/19/2017) |
| 10/19/2017 | 93 | | REPLY to 84 Response to Motion re 79 Second MOTION for Summary Judgment filed by David A. Stebbins. (tg) (Entered: 10/19/2017) |
| 10/19/2017 | 94 | | REPLY by David A. Stebbins to 85 Brief in Support of Response in Opposition to 79 Second Motion for Summary Judgment. (tg) (Entered: 10/19/2017) |
| 10/19/2017 | 95 | | REPLY by David A. Stebbins to 86 Response In Opposition to Statement of Undisputed Facts. (tg) (Entered: 10/19/2017) |
| 10/19/2017 | 96 | | RESPONSE by David A. Stebbins in Opposition to 87 Statement of Undisputed Facts. (tg) (Entered: 10/19/2017) |
| 10/20/2017 | 97 | | RESPONSE in Opposition re 91 MOTION for Sanctions filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Cryer, Christine) (Entered: 10/20/2017) |
| 10/20/2017 | 98 | | NOTICE of Clerk's Correction of Address to 123 W Ridge St. There are no documents to resend. (src) (Entered: 10/20/2017) |
| 10/20/2017 | 99 | | REPLY by David A. Stebbins re 85 Brief in Support of Response in Opposition to 79 Second Motion for Summary Judgment. (src) (Entered: 10/20/2017) |
| 10/26/2017 | 100 | | REPLY to Response to Motion re 91 MOTION for Sanctions filed by David A. Stebbins. (tg) (Entered: 10/26/2017) |
| 10/31/2017 | 101 | | **AMENDED CASE MANAGEMENT ORDER: Final Pretrial Conference set for 4/10/2018 09:00 AM in Fayetteville –– 5th flr (Rm 509) before Honorable Timothy L. Brooks. JURY TRIAL set for 4/23/2018 09:00 AM in Fayetteville –– 5th flr (Rm 509) before Honorable Timothy L. Brooks. Signed by Honorable Timothy L. Brooks on October 31, 2017. (slc) (Entered: 10/31/2017)** |
| 10/31/2017 | | | NOTICE OF MAILING: A copy of the following document 101 Amended Case Management Order was mailed to non–ECF Case Participant, David Stebbins on 10/31/2017. (slc) (Entered: 10/31/2017) |
| 11/02/2017 | 102 | | MOTION and incorporated brief in support thereof to compel discovery by David A. Stebbins. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(rg) (Entered: 11/02/2017) |
| 11/02/2017 | 103 | | SUPPLEMENT by Plaintiff David A. Stebbins to 93 Reply to Response to Motion. (rg) (Entered: 11/02/2017) |
| 11/15/2017 | 104 | | |

| | | | |
|---|---|---|---|
| | | | **TEXT ONLY ORDER denying without prejudice 75 Motion in Limine. The Motion was filed prior to the entry of the amended case management order 101 , which supersedes any prior scheduling order, and which provides at paragraph 5(d) that motions in limine must be filed no earlier than March 16, 2018. The instant Motion is therefore denied without prejudice to Plaintiff's ability to refile it at a later date. Signed by Honorable Timothy L. Brooks on November 15, 2017. (ee) (Entered: 11/15/2017)** |
| 11/15/2017 | 105 | | **TEXT ONLY ORDER re 102 Plaintiff's Motion to Compel. The Court's amended case management order 101 that was filed on October 31, 2017 specifies in paragraph 5(c) that prior to filing any discovery motion, the parties must schedule a conference call with the Court. It appears that Plaintiff's Motion to Compel, which was filed on November 2, 2017, crossed in the mail with the amended case management order. Under these circumstances, the Court will take up the Motion without first requiring that the parties participate in a conference call. Defendants are directed to file a written response to the Motion. Signed by Honorable Timothy L. Brooks on November 15, 2017. (ee) (Entered: 11/15/2017)** |
| 11/16/2017 | 106 | | RESPONSE in Opposition re 102 MOTION filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Cryer, Christine) (Entered: 11/16/2017) |
| 11/17/2017 | 107 | | REPLY to Response to Motion re 102 MOTION to Compel Discovery filed by David A. Stebbins. (tg) (Entered: 11/17/2017) |
| 11/22/2017 | 108 | | SUPPLEMENT by Plaintiff David A. Stebbins to 102 MOTION to compel discovery. (tg) (Entered: 11/22/2017) |
| 12/04/2017 | 109 | | MOTION for Summary Judgment by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Cryer, Christine) (Entered: 12/04/2017) |
| 12/04/2017 | 110 | | MEMORANDUM BRIEF in Support of 109 MOTION for Summary Judgment by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Cryer, Christine) (Entered: 12/04/2017) |
| 12/04/2017 | 111 | | STATEMENT OF FACTS in support of 109 MOTION for Summary Judgment by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Cryer, Christine) (Entered: 12/04/2017) |
| 12/05/2017 | 112 | | **OPINION AND ORDER granting in part and denying in part 102 Motion and Incorporated Brief in Support to Compel Discovery. See order for specifics. Signed by Honorable Timothy L. Brooks on December 5, 2017. (tg) (Entered: 12/05/2017)** |
| 12/07/2017 | 113 | | **MEMORANDUM OPINION AND ORDER granting 56 Motion for Leave to File; denying 57 Motion for Leave to File; denying 57 Motion for Joinder; denying 63 Motion to Strike and denying 91 Motion for Sanctions. Signed by Honorable Timothy L. Brooks on December 7, 2017. (rg) (Entered: 12/07/2017)** |
| 12/11/2017 | 114 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones re 112 Order on Motion for Miscellaneous Relief (Attachments: # 1 Exhibit Bates–Numbered Documents, # 2 Exhibit Attachment A, # 3 Exhibit Attachment B)(Cryer, Christine) (Entered: 12/11/2017) |
| 12/14/2017 | 115 | | MOTION for Extension of Time to File Response in opposition as to 109 MOTION for Summary Judgment by David A. Stebbins. (rg) (Entered: 12/14/2017) |
| 12/14/2017 | 116 | | **TEXT ONLY ORDER granting 115 Motion for Extension of Time to File Response to Motion for Summary Judgment. The new deadline is January 2, 2018. Signed by Honorable Timothy L. Brooks on December 14, 2017. (ee) (Entered: 12/14/2017)** |
| 12/18/2017 | 117 | | MOTION for Adverse Inference by David A. Stebbins. (tg) (Entered: 12/18/2017) |
| 12/18/2017 | 118 | | MEMORANDUM BRIEF in Support of 117 MOTION for Adverse Inference by David A. Stebbins. (tg) (Entered: 12/18/2017) |
| 12/18/2017 | | | NOTICE: Clerk received DVD–R from David A. Stebbins, with no title/label, that was attached to 117 MOTION for Adverse Inference. Clerk will hold in Fayetteville Office (src) (Entered: 12/18/2017) |
| 12/26/2017 | 119 | | SUPPLEMENT by Plaintiff David A. Stebbins to 117 MOTION for Adverse Inference. (tg) (Entered: 12/26/2017) |
| 12/28/2017 | 120 | | RESPONSE IN OPPOSITION TO Motion re 117 MOTION for Adverse Inference filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Attachments: # 1 Exhibit Properties page & IT Director Statement)(Cryer, Christine) (Entered: 12/28/2017) |
| 01/02/2018 | 121 | | Daubert MOTION to Disqualify Leslie Johnson by David A. Stebbins. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(tg) (Entered: 01/02/2018) |
| 01/02/2018 | 122 | | MEMORANDUM BRIEF in Support of 121 MOTION to Disqualify Leslie Johnson.(tg) (Entered: 01/02/2018) |
| 01/02/2018 | 123 | | MOTION for Partial Summary Judgment by David A. Stebbins. (tg) (Entered: 01/02/2018) |
| 01/02/2018 | 124 | | MEMORANDUM BRIEF in Support of 123 MOTION for Partial Summary Judgment by David A. Stebbins. (tg) (Entered: 01/02/2018) |
| 01/02/2018 | 125 | | STATEMENT OF FACTS in support of 123 MOTION for Partial Summary Judgment by David A. Stebbins. (tg) (Entered: 01/02/2018) |
| 01/02/2018 | 126 | | RESPONSE IN OPPOSITION TO Motion re 109 MOTION for Summary Judgment filed by David A. Stebbins. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(tg) (Entered: 01/02/2018) |
| 01/02/2018 | 127 | | MEMORANDUM BRIEF in Support of 126 Response to 109 Motion for Summary Judgment by David A. Stebbins. (tg) (Entered: 01/02/2018) |
| 01/02/2018 | 128 | | |

| | | | |
|---|---|---|---|
| | | | STATEMENT OF FACTS in support of 126 Response to 109 Motion for Summary Judgment by David A. Stebbins. (tg) (Entered: 01/02/2018) |
| 01/03/2018 | 129 | | REPLY to Response to Motion re 117 MOTION for Adverse Inference filed by David A. Stebbins. (tg) (Entered: 01/03/2018) |
| 01/03/2018 | 130 | | **ORDER that Mr. Stebbins has informed the Court of a discovery dispute and instructing Mr. Stebbins to prepare a document listing: (1) each response he believes is deficient, and (2) the reason or reasons why he believes each such response is deficient. See order for specifics. Signed by Honorable Timothy L. Brooks on January 3, 2018. (tg) (Entered: 01/03/2018)** |
| 01/05/2018 | 131 | | MOTION for Summary Judgment *on Plaintiff's Rehab Act Claims* by Arkansas Rehabilitation Services, Arkansas, State of. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Cryer, Christine) (Entered: 01/05/2018) |
| 01/05/2018 | 132 | | MEMORANDUM BRIEF in Support of 131 MOTION for Summary Judgment *on Plaintiff's Rehab Act Claims* by Arkansas Rehabilitation Services, Arkansas, State of. (Cryer, Christine) (Entered: 01/05/2018) |
| 01/05/2018 | 133 | | STATEMENT OF FACTS in support of 131 MOTION for Summary Judgment *on Plaintiff's Rehab Act Claims* by Arkansas Rehabilitation Services, Arkansas, State of. (Cryer, Christine) (Entered: 01/05/2018) |
| 01/11/2018 | 134 | | MOTION for Sanctions and MOTION to Strike 131 MOTION for Summary Judgment *on Plaintiff's Rehab Act Claims*, or in the alternative for Extension of Time to file response in opposition thereof by David A. Stebbins. (tg) (Entered: 01/11/2018) |
| 01/16/2018 | 135 | | **STRICKEN PER TEXT ONLY ORDER 140 ** MOTION for Sanctions and Motion to Strike 131 Defendants' Motion for Summary Judgment, or in the alternative MOTION for Extension of Time to File Response to 131 MOTION for Summary Judgment *on Plaintiff's Rehab Act Claims* by David A. Stebbins. (tg) Modified on 1/18/2018 to add text (rg). (Entered: 01/16/2018) |
| 01/16/2018 | 136 | | RESPONSE IN OPPOSITION TO Motion re 123 MOTION for Summary Judgment filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Cryer, Christine) (Entered: 01/16/2018) |
| 01/16/2018 | 137 | | MEMORANDUM BRIEF in Support of 136 Response to Motion by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Attachments: # 1 Exhibit A – Plaintiff's Responses to Discovery)(Cryer, Christine) (Entered: 01/16/2018) |
| 01/16/2018 | 138 | | STATEMENT OF FACTS in support of 123 MOTION for Summary Judgment *(Response to Plaintiff's SUMF)* by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Cryer, Christine) (Entered: 01/16/2018) |
| 01/16/2018 | 139 | | RESPONSE IN OPPOSITION TO Motion re 121 MOTION to Disqualify filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Cryer, Christine) (Entered: 01/16/2018) |

| 01/17/2018 | 140 | | **TEXT ONLY ORDER directing the Clerk of Court to STRIKE 135 Motion for Sanctions as duplicative of 134 . Signed by Honorable Timothy L. Brooks on January 17, 2018. (ee) (Entered: 01/17/2018)** |
|---|---|---|---|
| 01/17/2018 | 141 | | **ORDER denying 134 Motion for Sanctions; denying 134 Motion to Strike ; and granting 134 Motion for Extension of Time to File Response; ORDER DIRECTING that a Summary Judgment Response be filed.( Response to Motion for Summary Judgment due by 1/29/2018.) Defendants are instructed to serve Mr. Stebbins with file−marked copies of any and all documents that they file with the Court via both regular U.S. Mail and via email, so as to avoid future questions as to Mr. Stebbins's receipt of mailed documents. Signed by Honorable Timothy L. Brooks on January 17, 2018. (tg) (Entered: 01/17/2018)** |
| 01/18/2018 | 142 | | **ORDER that Mr. Stebbins's Motion to Compel (Exh. 1) as to his fifth set of interrogatories and requests for production is DENIED. Signed by Honorable Timothy L. Brooks on January 18, 2018. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(tg) (Entered: 01/18/2018)** |
| 01/18/2018 | 143 | | RESPONSE IN OPPOSITION TO Motion re 134 MOTION for Sanctions MOTION to Strike 131 MOTION for Summary Judgment *on Plaintiff's Rehab Act Claims* MOTION for Extension of Time to File Response/Reply filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Attachments: # 1 Exhibit Cover Letter dated 1−5−18)(Cryer, Christine) (Entered: 01/18/2018) |
| 01/18/2018 | 144 | | **TEXT ONLY ORDER finding as MOOT 121 Motion to Disqualify. Defendants have represented in their response to the Motion that they intend to call Ms. Leslie Johnson as a fact witness, not an expert witness, and will only inquire as to her lay opinions. Mr. Stebbins may renew his motion at trial if Defendants go beyond this representation and attempt to solicit expert testimony, as defined in Federal Rule of Evidence 702. Signed by Honorable Timothy L. Brooks on January 18, 2018. (ee) (Entered: 01/18/2018)** |
| 01/18/2018 | 145 | | ***STRICKEN PER TEXT ONLY ORDER ENTERED 1/19/2018*** MOTION for Partial Summary Judgment as to First Amendment Retaliation Claim by David A. Stebbins. (tg) (Additional attachment(s) added on 1/19/2018: # 1 Envelope) (tg). Modified and terminated motion on 1/19/2018 (src). (Entered: 01/18/2018) |
| 01/18/2018 | 146 | | ***STRICKEN PER TEXT ONLY ORDER ENTERED 1/19/2018*** MEMORANDUM BRIEF in Support of 145 MOTION for Partial Summary Judgment by David A. Stebbins. (tg) Modified on 1/19/2018 (src). (Entered: 01/18/2018) |
| 01/18/2018 | 147 | | ***STRICKEN PER TEXT ONLY ORDER ENTERED 1/19/2018*** STATEMENT OF FACTS in support of 145 MOTION for Partial Summary Judgment by David A. Stebbins. (tg) Modified on 1/19/2018 (src). (Entered: 01/18/2018) |
| 01/18/2018 | 148 | | REPLY to Response to Motion re 123 MOTION for Summary Judgment filed by David A. Stebbins. (tg) (Entered: 01/18/2018) |
| 01/18/2018 | 149 | | |

| | | | |
|---|---|---|---|
| | | | REPLY by David A. Stebbins re 137 Memorandum Brief in Support of 136 Response to 123 Motion for Summary Judgment. (tg) (Entered: 01/18/2018) |
| 01/18/2018 | 150 | | REPLY by David A. Stebbins re 138 Statement of Facts in support of 136 Response to 123 Motion for Summary Judgment. (tg) (Entered: 01/18/2018) |
| 01/18/2018 | 151 | | REPLY to Response to Motion re 121 MOTION to Disqualify Leslie Johnson filed by David A. Stebbins. (tg) (Entered: 01/18/2018) |
| 01/18/2018 | 152 | | SUPPLEMENT by Plaintiff David A. Stebbins to 79 MOTION for Summary Judgment. (tg) (Entered: 01/18/2018) |
| 01/19/2018 | 153 | | **TEXT ONLY ORDER directing Plaintiff to consult Local Rule 5.5, which states that all pleadings, motions, and other papers filed with the Court must be printed "using only one side of the page." Any pleadings, motions, or other papers that Plaintiff submits in a format that fails to conform with this Rule will be returned to him and will not be filed. Signed by Honorable Timothy L. Brooks on January 19, 2018. (ee) (Entered: 01/19/2018)** |
| 01/19/2018 | 154 | | **TEXT ONLY ORDER directing the Clerk of Court to STRIKE Plaintiff's Motion for Partial Summary Judgment 145 , Memorandum Brief in Support 146 , and Statement of Facts 147 as untimely. The Amended Case Management Order 101 at paragraph 5(a) set the dispositive motion deadline in this case for January 5, 2018. Mr. Stebbins's Motion and supporting briefs were received in the Clerk's office on January 18, 2018. The date that appears above Mr. Stebbins's signature on all of these documents is January 15, 2018. In order to comply with the Court's dispositive motion deadline, the documents needed to have been mailed, at the very latest, by January 5. Assuming the Court allowed Mr. Stebbins three extra days for mailing, the latest the documents should have been received by the Court to be considered timely was January 8. The Motion was actually received 10 days later, on January 18. Mr. Stebbins sent an email to Chambers on January 17, 2018, advising that he had mailed the Motion and supporting documents and acknowledging that the submissions were late. Mr. Stebbins offered no reasonable justification for the lateness of the filings, and they are therefore STRICKEN. Signed by Honorable Timothy L. Brooks on January 19, 2018. (ee) (Entered: 01/19/2018)** |
| 01/25/2018 | 155 | | **PLEASE DISREGARD, DUPLICATE DOCUMENT** RESPONSE by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones re 152 Supplement *(in Opposiiton of Supplement)*. (Cryer, Christine) Modified on 1/26/2018 to add text (rg). (Entered: 01/25/2018) |
| 01/25/2018 | 156 | | RESPONSE by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones re 152 Supplement *(in Opposition of)*. (Cryer, Christine) (Entered: 01/25/2018) |
| 01/29/2018 | 157 | | RESPONSE IN OPPOSITION TO Motion re 131 MOTION for Summary Judgment *on Plaintiff's Rehab Act Claims* filed by David A. Stebbins. (rg) (Entered: 01/29/2018) |
| 01/29/2018 | 158 | | BRIEF in Support of 157 Response to Motion for Summary Judgment as to Rehabilitation Act Claims by David A. Stebbins. (rg) (Entered: 01/29/2018) |

| | | | |
|---|---|---|---|
| 01/29/2018 | 159 | | STATEMENT OF FACTS in support of 157 Response to Motion for Summary Judgment as to Rehabilitation Act Claims by David A. Stebbins. (rg) Modified on 1/30/2018 (src). (Entered: 01/29/2018) |
| 02/05/2018 | 160 | | REPLY to Response to Motion re 131 MOTION for Summary Judgment *on Plaintiff's Rehab Act Claims* filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Cryer, Christine) (Entered: 02/05/2018) |
| 02/21/2018 | 161 | | MOTION for Leave to participate in pre–trial conference by telephone by David A. Stebbins. (tg) (Entered: 02/21/2018) |
| 02/22/2018 | 162 | | RESPONSE IN SUPPORT OF Motion re 161 MOTION for Leave to filed by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Cryer, Christine) (Entered: 02/22/2018) |
| 02/27/2018 | 163 | | **SECOND AMENDED CASE MANAGEMENT ORDER: Final Pretrial Conference reset for 6/12/2018 10:30 AM in Fayetteville –– 5th flr (Rm 509) before Honorable Timothy L. Brooks. JURY TRIAL reset for 6/18/2018 09:00 AM in Fayetteville –– 5th flr (Rm 509) before Honorable Timothy L. Brooks. Signed by Honorable Timothy L. Brooks on February 27, 2018. (slc) (Entered: 02/27/2018)** |
| 02/27/2018 | 164 | | Docket Annotation of Mailing: A copy of the Second Amended Case Management Order 163 was mailed to non ECF participant, David Stebbins on 2/27/18. (slc) (Entered: 02/27/2018) |
| 02/27/2018 | 165 | | **TEXT ONLY ORDER finding as MOOT 161 Motion for Leave, due to the issuance of the Second Amended Case Management Order 163 . The date of the pretrial conference has been reset to June 12, 2018. If desired, Plaintiff may renew his Motion for Leave no sooner than 30 days before the pretrial conference date; however, in doing so, Plaintiff should bear in mind the importance of attending the pretrial conference in person. Signed by Honorable Timothy L. Brooks on February 27, 2018. (ee) (Entered: 02/27/2018)** |
| 05/02/2018 | 166 | | **ORDER denying 117 Motion for Adverse Inference. Signed by Honorable Timothy L. Brooks on May 2, 2018. (tg) (Entered: 05/02/2018)** |
| 05/08/2018 | 167 | 18 | **MEMORANDUM OPINION AND ORDER denying 79 Motion for Summary Judgment; granting 109 Motion for Summary Judgment; denying 123 Motion for Summary Judgment; granting 131 Motion for Summary Judgment. Signed by Honorable Timothy L. Brooks on May 8, 2018. (tg) (Entered: 05/08/2018)** |
| 05/08/2018 | 168 | 32 | **JUDGMENT dismissing case with prejudice re 167 Memorandum Opinion and Order. Signed by Honorable Timothy L. Brooks on May 8, 2018. (tg) (Entered: 05/08/2018)** |
| 05/11/2018 | 169 | | MOTION and Brief in Support for Reconsideration re 167 Order on Motion for Summary Judgment, Opinion and Order by David A. Stebbins. (tg) (Entered: 05/11/2018) |
| 05/11/2018 | 170 | | **TEXT ONLY ORDER denying 169 Motion for Reconsideration. The Court declines to reconsider its decision on summary judgment, as Plaintiff has cited no manifest error of law and no new facts or legal precedent that would justify such reconsideration. Signed by Honorable** |

| | | | |
|---|---|---|---|
| | | | **Timothy L. Brooks on May 11, 2018. (ee) (Entered: 05/11/2018)** |
| 06/11/2018 | <u>171</u> | 33 | NOTICE OF APPEAL as to <u>168</u> Judgment by David A. Stebbins. (tg) (Entered: 06/11/2018) |
| 06/11/2018 | <u>172</u> | | MOTION for Leave to Appeal in forma pauperis by David A. Stebbins. (tg) (Entered: 06/11/2018) |
| 06/11/2018 | | | MOTIONS REFERRED: <u>172</u> MOTION for Leave to Appeal in forma pauperis. Motions referred to Honorable Mark E. Ford.(tg) (Entered: 06/11/2018) |
| 06/13/2018 | <u>173</u> | 36 | **ORDER granting <u>172</u> MOTION for Leave to Appeal in forma pauperis filed by David A. Stebbins. Signed by Honorable Timothy L. Brooks on June 13, 2018. (tg) (Entered: 06/13/2018)** |
| 06/13/2018 | <u>174</u> | | MOTION Reconsideration of Order re <u>172</u> MOTION for Leave to Appeal in forma pauperis by Arkansas Rehabilitation Services, Arkansas, State of, Amy Jones. (Cryer, Christine) (Entered: 06/13/2018) |
| 06/14/2018 | 175 | 38 | **TEXT ONLY ORDER denying <u>174</u> Motion for Reconsideration. Plaintiff's appeal appears to have been timely filed, and the Court finds that that no newly discovered facts or law are presented in the Motion that would cause the Court to deviate from its decision to grant him IFP status on appeal for this case. Signed by Honorable Timothy L. Brooks on June 14, 2018. (ee) (Entered: 06/14/2018)** |
| 06/14/2018 | <u>176</u> | 39 | NOA SUPPLEMENT FORM re <u>171</u> Notice of Appeal filed by David A. Stebbins. (tg) (Entered: 06/14/2018) |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID A. STEBBINS**                                              **PLAINTIFF**

**V.**                            **CASE NO. 3:17-CV-03092**

**STATE OF ARKANSAS;**
**ARKANSAS REHABILITATION SERVICES;**
**and AMY JONES**                                          **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff David A. Stebbins filed a lawsuit against the State of Arkansas, Arkansas

Rehabilitation Services ("ARS"), and Amy Jones, the District I Manager of ARS, on July

27, 2016, in the United States District Court for the Eastern District of Arkansas. The

case was transferred to this District, at Defendants' request, on October 13, 2017. *See*

Doc. 89. Before the case was transferred, however, Mr. Stebbins had filed a Motion for

Summary Judgment (Doc. 79), Brief in Support (Doc. 80-1), Statement of Facts (Doc.

81-1), and Supplement (Doc. 83); and Defendants had collectively filed a Response

(Doc. 84), Brief in Support (Doc. 85), Response to Statement of Facts (Doc. 86), and

Statement of Facts (Doc. 87). In the Motion, Mr. Stebbins requests summary judgment

on all claims he asserted in the original Complaint, namely: (1) violations of the

Americans with Disabilities Act ("ADA") for discrimination and retaliation, and (2) a

violation of 42 U.S.C. § 1983, for First Amendment retaliation. The Motion became ripe

shortly after the case was transferred, when Mr. Stebbins filed his replies to Defendants'

responses. *See* Docs. 93-96, 99.[1]

---

[1] Mr. Stebbins filed yet another Supplement in Reply (Doc. 103) on November 2, 2017, which was not a proper filing, as it was filed too late, *see* Local Rule 7.2(b), but has nonetheless been considered by the Court.

On December 4, 2017, Defendants filed their own Motion for Summary Judgment (Doc. 109), Brief in Support (Doc. 110), and Statement of Facts (Doc. 111). Mr. Stebbins responded to Defendants' Motion, *see* Docs. 126-128, on January 2, 2018, and at the same time filed a second Motion for Summary Judgment (Doc. 123), Brief in Support (Doc. 124), and Statement of Facts (Doc. 125) against all Defendants. Mr. Stebbins explains in his second Motion for Summary Judgment that he does not intend it to supersede his first Motion; instead, he contends that both Motions "argue completely separate grounds for this relief" and "may be granted or denied independently of one another." (Doc. 123, p. 1).

On January 5, 2018, Defendants filed a second Motion for Summary Judgment. *See* Docs. 131-133. This second Motion addresses only Mr. Stebbins's claim for discrimination under the Rehabilitation Act ("RA"), which the Court had allowed Mr. Stebbins to add to his Complaint as a separate cause of action on December 7, 2017, just after Defendants filed their first Motion for Summary Judgment. *See* Doc. 113. Also on January 5, Defendants filed a Response to Mr. Stebbins's second Motion for Summary Judgment, *see* Doc. 136, as well as a Brief in Support and Statement of Facts, *see* Docs. 137, 138. Mr. Stebbins then filed a Reply and other documents in support of his second Motion for Summary Judgment (Docs. 149-152). Soon after, on January 29, 2018, Mr. Stebbins filed a Response and supporting documents as to Defendants' second Motion for Summary Judgment, *see* Docs. 157-159, and Defendants filed a Reply to Mr. Stebbins's Response, *see* Doc. 160.

2

At this point, it is clear from the procedural history cited above that all parties believe the issues in this case may be resolved on summary judgment. Mr. Stebbins has filed two Motions, asserting alternative bases for the Court to find in his favor on all claims; and Defendants have also filed two Motions, the first concerning the ADA and First Amendment claims, and the second concerning the RA claim.

The Court has carefully evaluated all four Motions and agrees that Mr. Stebbins's claims may be decided as a matter of law, in view of the undisputed facts. Accordingly, for the reasons explained herein, Mr. Stebbins's first and second Motions for Summary Judgment are **DENIED**, and Defendants' first and second Motions for Summary Judgment are **GRANTED**.

## I. BACKGROUND

According to Mr. Stebbins, he is an individual with several disabilities, including Asperger Syndrome and depression. He receives Social Security Disability benefits. At some point in 2015, or perhaps earlier, he decided he wanted to enroll in college and earn a computer science degree. He had previously taken several college courses at other institutions. *See* Doc. 109-2, p. 54. On December 1, 2015, he visited the Harrison office of ARS, a state agency that provides vocational services and other assistance to disabled citizens of Arkansas. Mr. Stebbins met with a counselor and completed an application for ARS services. In the application, Mr. Stebbins asked for very specific relief: funds to attend Arkansas Tech University in Russellville, Arkansas.

After the initial meeting, ARS worked to obtain copies of Mr. Stebbins's medical records in order to verify his disabilities and need for services. Mr. Stebbins signed a

3

release form for his medical records, *id.* at 10, 13, and provided his ARS counselor with some hospital records and the names of two of his doctors. From December 3 to December 9, 2015, Mr. Stebbins called and emailed ARS staff members multiple times, trying to find out the status of his request for funds. ARS contends his phone calls with staff demonstrated extreme agitation, anger, yelling, and overt hostility. The staff documented these exchanges in their notes, *see id.* at 35-47, 52-53, 59, but Mr. Stebbins denies that his calls were as hostile or negative as the staff has characterized them.

At some point in early December, Ms. Amy Jones, the ARS District I Director, feared for her Harrison office staff's safety because of the nature of Mr. Stebbins's repeated telephone contacts. Ms. Jones directed her staff to keep the doors to the lobby and office locked at all times, and to call the police if Mr. Stebbins appeared at the office in person. A staff member from ARS called the Harrison Police Department on December 8 to document an allegedly rude and threatening telephone call with Mr. Stebbins. *See id.* at 45. Another staff member called the police on December 9 to report Mr. Stebbins's "extremely hostile" telephone call. *See id.* at 48. After that, Ms. Jones determined that she "did not feel comfortable" arranging a face-to-face interview between Mr. Stebbins and another ARS staff member to discuss his application. *See id.* at 46. By then, it had only been a little more than a week since Mr. Stebbins first visited the office.[2]

---

[2] Mr. Stebbins does not dispute that he was advised in writing that it could take up to 60 days to gather all of his medical records and assess his application for services. *See id.* at 5-6.

4

On December 15, 2015, ARS's Licensed Psychological Examiner, Leslie S. Johnson, completed a review of Mr. Stebbins's mental health treatment records in order "to assist in determining [the] feasibility of VR ["Vocational Rehabilitation"] services/training."[3] *Id.* at 56. Ms. Johnson had at her disposal all the medical treatment records that ARS was able to gather from Mr. Stebbins's healthcare providers. From reviewing these records, she noted that Mr. Stebbins had advised a nurse that he had been "kicked out of the U of A for making threatening statements." *Id.* He had also admitted that he had been arrested for assaulting his father. He had attempted to commit suicide by drinking bleach. *Id.* He also reported feelings of frustration, anger, and depression. *Id.* The most recent medical records are dated April 26, 2015, around the time of his attempted suicide. Mr. Stebbins was admitted briefly to St. Bernards Medical Center for psychiatric treatment, with further instructions for follow-up care. *See id.* at 32-33. Ms. Johnson further noted that Mr. Stebbins's doctors described him as "impulsive, lack[ing] insight, paranoid, irritable and agitated." *Id.* at 56. Although he had been diagnosed with major depressive disorder, Asperger's Disorder, Delusional Disorder, and Cluster B personality disorder traits (including narcissistic and antisocial personality disorders), he admitted to ARS that he was "not currently in treatment for his mental health issues." *Id.*

In the course of reviewing the medical file, it appears Ms. Johnson also performed a public-records search and discovered that Mr. Stebbins had filed multiple

---

[3] Ms. Jones had made a written request for the records review on December 14, 2015. *See id.* at 55.

lawsuits "against his parents, Wal-Mart, the U of A, and federal judges." *Id.* She surmised that the "[c]auses of action were mainly civil rights and discrimination." *Id.* She prepared a written recommendation as to Mr. Stebbins's request for ARS funds, concluding that his various psychological conditions, as reflected in his treatment records, were "likely to be manifested in a vocational setting" in several negative ways, *id.* at 57. She then went on to explain that his medical records "indicated a history of physical aggression and threatening statements," which suggested to her that Mr. Stebbins was "not currently appropriate for vocational rehabilitation services." *Id.* She strongly recommended that he be referred "to a local mental healthcare provider" for "treatment and the support of a therapeutic relationship," since he was not currently receiving any health care for his multiple mental health issues. *Id.* The final paragraph of her recommendation was as follows:

> In order for Mr. Stebbins to be appropriate for ARS services he should be able to demonstrate a period of stable functioning. He will also need to provide documentation from his mental healthcare providers that his symptoms are well-managed and they agree he is ready for training, school or work.

*Id.*

After receiving Ms. Johnson's report, Ms. Jones reviewed it, as well as the other documents in Mr. Stebbins's file, and made the final decision to deny his request for benefits, at least for the time being. She made a note to the file, dated December 16, 2015, in which she explained that she made this decision "[b]ased on the [sic] Mr. Stebbins interaction with myself and staff, past records and history, and Mr. Stebbins refusal for treatment . . . ." *Id.* at 59. The same day, Ms. Jones sent Mr. Stebbins a

6

letter, *see id.* at 60, in which she excerpted portions of Ms. Johnson's written recommendation and informed him that he was ineligible for vocational rehabilitation services. The letter explained that if he disagreed with this decision, he could file a request for administrative review, and if still not satisfied, he could then request a hearing. *Id.* The following day, December 17, Ms. Jones sent Mr. Stebbins a second letter that clarified that her decision to deny him benefits was not permanent. *Id.* at 62. She explained that ARS "will reassess" his need for services if he supplied "documentation of treatment, stability and recommendations from providers that you are ready for training, school or work . . . ." *Id.*

Mr. Stebbins concedes that he did not appeal ARS's eligibility determination within the agency, nor did he otherwise attempt to exhaust his administrative remedies. Instead, he filed this lawsuit. He contends that when Defendants denied him vocational funds to attend college, they did so *because of* his disabilities—*because* he has Asperger's Syndrome and depression, among other diagnoses. He therefore believes Defendants violated both the ADA and the RA by discriminating and retaliating against him for his disabilities. He also maintains that Defendants' decision to deny him tuition assistance was in retaliation for him exercising his First Amendment right to file civil lawsuits, since Ms. Johnson's report and recommendation referenced the fact that he had, in fact, filed various civil lawsuits. Below the Court will consider the parties' cross-motions for summary judgment, bearing in mind the appropriate guiding legal standard.

## II. LEGAL STANDARD

A party moving for summary judgment must establish both the absence of a genuine dispute of material fact and its entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999). The same standard applies where, as here, the parties have filed cross-motions for summary judgment. When there exists no genuine issue as to any material fact, "summary judgment is a useful tool whereby needless trials may be avoided, and it should not be withheld in an appropriate case." *United States v. Porter*, 581 F.2d 698, 703 (8th Cir. 1978). Each motion should be reviewed in its own right, however, with each side "entitled to the benefit of all inferences favorable to them which might reasonably be drawn from the record." *Wermager v. Cormorant Twp. Bd.*, 716 F.2d 1211, 1214 (8th Cir. 1983); *see also Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1998). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III. DISCUSSION

### A. Discrimination and Retaliation under the ADA

As previously mentioned, Mr. Stebbins admits he has "a variety of disabilities, including, but not limited to, Asperger Syndrome and Depression." (Doc. 80-1, p. 4). Defendants do not challenge this and agree Mr. Stebbins is disabled. But a claim of

8

disability discrimination under Title II of the ADA requires more than just proof of a disability, coupled with proof that a public entity ruled in a manner adverse to the disabled person. There must be proof of a nexus—that the adverse decision was made *because of* the disability. A prima facie case of ADA disability discrimination therefore requires: (1) proof of an individual's qualifying disability; (2) proof that the disabled individual was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the entity; and (3) proof that the exclusion or denial was "by reason of the individual's disability." *Folkerts v. City of Waverly*, 707 F.3d 975, 983 (8th Cir. 2013).

First, the Court agrees with Defendants that Mr. Stebbins's lawsuit was premature. He should have pursued the administrative appellate options that ARS offered him, and he should not have jumped immediately to filing suit—as he has a habit of doing, unfortunately. But setting aside whether Mr. Stebbins's failure to exhaust administrative remedies is, in itself, a reason to dismiss the case, and evaluating the case on the merits, the Court finds that there is clearly no proof in the summary judgment record that ARS declined Mr. Stebbins's application for funds for college in violation of the ADA. Certainly, Mr. Stebbins identified his disabilities to ARS; and certainly, the agency was aware that he suffered from those disabilities when it made the decision to decline his request for college tuition. However, there is no evidence in the summary judgment record that his application was declined due to his disabilities.

It is abundantly clear from the tenor and content of Mr. Stebbins's briefing on summary judgment that he believes he is entitled to receive ARS funds—for the college

of his choice and in the amount he designates—simply because he is disabled.  That is incorrect.  ARS is vested by the State of Arkansas with the discretion to decide who is a proper recipient of services, and what services are appropriate for each individual.  The Arkansas Code at Section 25-30-201(a) states that ARS's mission is "to provide increased employment of individuals with disabilities," and ARS is empowered to accomplish that end by providing "individualized training, independent living services, education and support services, and meaningful opportunities for employment . . . ."  The goal of the agency, therefore, is to increase employment opportunities for disabled Arkansans.  Further, Section 20-79-213(a) of the Arkansas Code sets up eligibility standards for receiving ARS funds, thus tasking the ARS with being a responsible steward of the funds that are allocated to it by the legislature.  According to the legislature, ARS services should only be provided to those disabled Arkansans "whose rehabilitation the Director of the Arkansas Rehabilitation Services determines, after full investigation, can be satisfactorily achieved . . . ."  Ark. Code Ann. § 20-79-213(a)(1).

In the case at bar, there is no genuine, material dispute of fact that ARS performed its required "full investigation" of Mr. Stebbins's case and, only after that, denied Mr. Stebbins's specific request for immediate funding to attend college.  The agency did not decline his request for services outright.  Instead, its denial letter explained that Mr. Stebbins could later become eligible for services if he demonstrated a period of stable functioning, as confirmed by a healthcare provider.  Obviously, Mr. Stebbins disagrees with ARS's decision, but he fails to provide any evidence to suggest that ARS has done something illegal here.  Mr. Stebbins complains that his application

10

was not fairly decided because it was based on a records review only, rather than an in-person psycho-social evaluation by ARS staff.  He also complains that ARS is wrong, and he does not need mental health treatment, but even if he did, ARS should be required to pay his Arkansas Tech tuition right now, and permit him to seek out mental health treatment later—a suggestion he calls a "reasonable accommodation."  Finally, he complains that ARS's work-focused eligibility standards are unfair and "inherently discriminatory," *see* Doc. 124, p. 13, and that, in any event, he has met those requirements because he believes that he can succeed right now in school and eventually become gainfully employed.

Unfortunately, all of Mr. Stebbins's complaints above are just that: complaints. He is not happy with ARS's decision, but he has no evidence that ARS denied his application due to an illegal reason.  To put it bluntly, the only evidence he has is his own suspicion that the reasons given could not possibly be the true reasons.

ARS is under no obligation to abandon all eligibility requirements in Mr. Stebbins's case or any other.  The documents submitted to the Court on summary judgment include Mr. Stebbins's entire ARS case file, the affidavits of Ms. Johnson and Ms. Jones, and a few written discovery requests and responses.  Mr. Stebbins has pointed to nothing in this great pile of evidence that indicates that ARS denied him funding for a discriminatory reason.  He has failed to meet proof with proof, and thus, will not be permitted to bring his complaints to a jury, simply because he finds ARS's decision to be wrong and unfair.  His ADA discrimination claim is **DISMISSED**.

11

With respect to the ADA retaliation claim, it also merits immediate dismissal. In order to prove ADA-based retaliation, Mr. Stebbins must demonstrate that he was retaliated against by ARS for engaging in activities that are protected by the ADA. Mr. Stebbins asserts that he was denied benefits because he filed various civil lawsuits in the past against a number of defendants in a number of different courts, and at least *some* of those lawsuits happened to contain ADA-based discrimination claims. This connection between filing lawsuits with ADA claims and ARS's decision to deny benefits is entirely speculative, and is once again only supported by Mr. Stebbins's conjecture, and nothing more. The ADA retaliation claim is **DISMISSED**.

## B. Retaliation Due to Exercise of First Amendment Rights

Mr. Stebbins's next claim is that ARS denied him benefits—not for the reasons stated in their denial letters—but in retaliation for Mr. Stebbins exercising his First Amendment right to file lawsuits. To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, Mr. Stebbins must prove that: (1) he engaged in an activity protected by the First Amendment; (2) he suffered an adverse action that would chill a person of ordinary firmness from continuing in the activity; and (3) the adverse action was motivated "at least in part" by the exercise of the protected activity. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

Once again, Defendants have presented voluminous proof that the reason why ARS denied Mr. Stebbins's claim for benefits was due to the fact that he was not receiving any mental health treatment for existing, serious mental health conditions, and that the lack of any treatment jeopardized his ability to succeed both in school and later

12

in the workforce.  Rather than deny him benefits in perpetuity, the agency advised him that it would reconsider his request if he sought treatment and had a doctor certify that he was prepared to effectively put to use the vocational assistance and training that ARS could provide.

In response to Defendants' proof, Mr. Stebbins has highlighted a single sentence in Ms. Johnson's report that alludes to his civil litigation history, and from there, Mr. Stebbins has extrapolated that the true reason why ARS denied him benefits was because of his penchant for filing civil lawsuits.  In context, the sentence in question immediately follows Ms. Johnson's discussion of Mr. Stebbins's medical records, which note his various mental health symptoms, including paranoia, irritability, agitation, and a feeling that "he is chronically targeted by the government and law enforcement . . . ." (Doc. 109-2, p. 56).  The next sentence then states, without further commentary:  "A search of public records revealed multiple lawsuits filed by Mr. Stebbins against his parents, Wal-Mart, the U of A, and federal judges.  Causes of action were mainly civil rights and discrimination." *Id.*

The Court finds that no jury issue is created by the fact that Ms. Johnson, in the course of evaluating Mr. Stebbins's history, performed a public-records search and uncovered Mr. Stebbins's extensive litigation history.  Once again, there is no evidence to support his speculation that the litigation history must have influenced the final decision.  Ms. Johnson's recommendation does not mention lawsuits as a reason to deny benefits.  Moreover, Ms. Jones's letters to Mr. Stebbins similarly fail to mention

lawsuits.  As there is no genuine, material dispute of fact as to whether ARS engaged in First Amendment retaliation, the claim is **DISMISSED**.

### C. Discrimination under the RA

According to the Eighth Circuit, "the substantive standards of § 504 of the RA and the ADA are the same." *Loye v. Cnty. of Dakota*, 625 F.3d 494, 496 (8th Cir. 2010). Therefore, the RA discrimination claim is **DISMISSED** for the same reasons that the ADA discrimination claim is dismissed.  Mr. Stebbins can point to no genuine, material dispute of fact to support his claim that the reason why he was denied benefits was a discriminatory reason in violation of the RA.

### IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff David A. Stebbins's Motions for Summary Judgment (Docs. 79, 123) are **DENIED**, and Defendants State of Arkansas, Arkansas Rehabilitation Services, and Amy Jones's Motions for Summary Judgment (Docs. 109, 131) are **GRANTED**.  The case is **DISMISSED WITH PREJUDICE**, and judgment will enter accordingly.

**IT IS SO ORDERED** on this ___ day of May, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

14

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                            PLAINTIFF

V.                              CASE NO. 3:17-CV-03092

STATE OF ARKANSAS;
ARKANSAS REHABILITATION SERVICES;
and AMY JONES                                                            DEFENDANTS

### JUDGMENT

IT IS SO ORDERED AND ADJUDGED that, for the reasons set forth in the

Memorandum Opinion and Order filed this date, this case is **DISMISSED WITH**

**PREJUDICE** on summary judgment.

IT IS SO ORDERED AND ADJUDGED on this 8th day of May, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUN 1 1 2018

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                    PLAINTIFF

VS.                        CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES. AND AMY JONES          DEFENDANTS

### NOTICE OF APPEAL

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Notice of

Appeal in the above-styled action.

1. The following reversible errors were committed in this case:

   (a) The United States District Court for the Eastern District of Arkansas committed an

   abuse of discretion when it denied my Motion for Appointment of Counsel.

   (b) The United States District Court for the Eastern District of Arkansas committed an

   abuse of discretion when it denied my first Motion for Partial Summary Judgment

   with no explanation, violating volumnious binding precedent form the 8th Circuit

   Court of Appeals and United States Supreme Court, and instead relying on persuasive

   precedent from the 10th Circuit Court of Appeals to justify its refusal to provid eany

   explanation, which is trumped by the binding precedent I provided.

   (c) The United States District Court for the Eastern District of Arkansas abused its

   discretion by relocating the case to the Western District of Arkansas.

   (d) Judge Timothy Brooks abused his discretion when he did not recuse himself from the

   proceedings despite, by his own admission, holding a grudge against me because of

   my previous litigation history.

   (e) The United States District Court for the Western District of Arkansas abused its

discretion when it failed to fully grant my Motion to Compel Discovery.

(f) The United States District Court for the Western District of Arkansas abused its discretion when it refused to sanction the Defendants for their frivolous discovery objection.

(g) The United States District Court for the Western District of Arkansas abused its discretion when it denied the Motion for Adverse Inference.

(h) The United States District Court for the Western District of Arkansas committed reversible error when it granted summary judgment in the Defendants' favor and denied my Motions for Summary Judgment, for all of the following reasons:

   i.   First, the grounds upon which the Defendants sought summary judgment – that they were legally allowed to use my disabiliteis as a factor in determining that I was not eligible for their services – had already been adjudicated on their motion to dismiss, meaning that relitigation of those same issues on a motion for summary judgment was barred by res judicata and collateral estoppel.

   ii.   The Defendants offered no evidence in support of their positions except their uncorrobororated word. Thus, to issue a verdict in the Defendants' favor, the Court had to determine that their testimony was credible, which is explicitly forbidden on a motion for summary judgment.

   iii.   The Court found that my failure to exhaust administrative remedies was alone grounds to dismiss the complaint, although federal law explicitly states that there is no exhaustion requirement under the ADA.

   iv.   The Court never addressed the numerous arguments raised by the plaintiff during the motions for summary judgment, including but not limited to …

A) The Defendants' policies and eligibility requirements were inherently

    discriminatory, and purported on their face to exclude egregiously disabled

    individauls, which is precisely what the ADA forbids.

B) The Defendants' version of events made no sense, logically.

C) The Defendants failed to consider whether any reasonable accommodations or

    modifications in policies could enable me to qualify for their services.

2. The United States District Court for the Western District of Arkansas abused its discretion

   when it denied my Motion for Reconsideration less than a day after the motion was filed,

   without giving any explanation whatsoever for its decision.

3. Even if any one of these errors, taken by itself, might not be grounds to reverse the

   judgment, all of these errors, taken cumulatively, should satisfy the "cumulative error"

   doctrine.

So notified on this, the 2nd day of July, 2018.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                    PLAINTIFF

V.                                        CASE NO. 3:17-CV-03092

STATE OF ARKANSAS;
ARKANSAS REHABILITATION SERVICES;
and AMY JONES                                                        DEFENDANTS

## ORDER

Currently before the Court is Plaintiff David A. Stebbins' Application for Leave to Appeal in Forma Pauperis ("IFP").  (Doc. 172).  On May 8, 2018, the Court granted Defendants' Motions for Summary Judgment (Docs. 109, 131) and dismissed Mr. Stebbins' complaint with prejudice.  (Docs. 167, 168).  "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court found in its Memorandum Opinion and Order on summary judgment (Doc. 167) that Mr. Stebbins had produced no evidence to support his contention that Arkansas Rehabilitation Services, a state agency, denied his request for funding to attend college because of Mr. Stebbins' disability or in retaliation for him engaging in activities protected by the Americans with Disabilities Act. Similarly, the Court found that Mr.

1

Stebbins had failed to submit any evidence on summary judgment to support his suspicion that the state agency's adverse decision was motivated by his civil litigation history.

Although the Court remains fully satisfied that Mr. Stebbins' case was properly dismissed, his claims for relief are not considered to be "frivolous," as that term has been defined by the Supreme Court.[1]  Plaintiff's Application for Leave to Appeal IFP (Doc. 172) is, therefore, **GRANTED**.

   **IT IS SO ORDERED** on this __13th__ day of June, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[1] To clarify, Mr. Stebbins has filed many motions and raised numerous arguments on a plethora of issues from discovery to merits—many of which *are* factually and legally frivolous.  However, the Court is able to draw a distinction between those frivolous arguments and his more straight-forward contention that there exist genuine issues of fact for a jury to decide on the issue of whether he was denied state rehabilitation benefits in violation of federal law—which is not a frivolous argument in this particular case, (even though the Court obviously disagrees with Mr. Stebbins based on the summary judgment record before it).

2

```
MIME-Version:1.0
From:NEF@arwd.uscourts.gov
To:NEF@localhost.localdomain
Bcc:
--Case Participants: Amber R. Schubert (amber.schubert@arkansas.gov), Christine A. Cryer
(agcivil@arkansasag.gov, christine.cryer@arkansasag.gov, kelly.rowland@arkansasag.gov),
Honorable Timothy L. Brooks (tlbinfo@arwd.uscourts.gov)
--Non Case Participants: Chambers - TLBinfo@arwd.uscourts.gov (tlbinfo@arwd.uscourts.gov)
--No Notice Sent:

Message-Id:1654050@arwd.uscourts.gov
Subject:Activity in Case 3:17-cv-03092-TLB Stebbins v. Arkansas, State of et al Order on
Motion for Miscellaneous Relief
Content-Type: text/html
```

## U. S. District Court

### Western District of Arkansas

## Notice of Electronic Filing

The following transaction was entered on 6/14/2018 at 11:28 AM CDT and filed on 6/14/2018

**Case Name:**       Stebbins v. Arkansas, State of et al

**Case Number:**     3:17–cv–03092–TLB

**Filer:**

**WARNING: CASE CLOSED on 05/08/2018**

**Document Number:**  175(No document attached)

**Docket Text:**
 **TEXT ONLY ORDER denying [174] Motion for Reconsideration. Plaintiff's appeal appears to have been timely filed, and the Court finds that that no newly discovered facts or law are presented in the Motion that would cause the Court to deviate from its decision to grant him IFP status on appeal for this case. Signed by Honorable Timothy L. Brooks on June 14, 2018. (ee)**


**3:17–cv–03092–TLB Notice has been electronically mailed to:**

Christine A. Cryer     christine.cryer@arkansasag.gov, agcivil@arkansasag.gov, kelly.rowland@arkansasag.gov

Amber R. Schubert (Terminated)     amber.schubert@arkansas.gov

**3:17–cv–03092–TLB Notice has been delivered by other means to:**

David A. Stebbins
123 W. Ridge Street
Apt D
Harrison, AR 72601

## U.S. COURT OF APPEALS - EIGHTH CIRCUIT
## NOA SUPPLEMENT

Please note any additions or deletions to the style of the case from the style listed on the docket sheet or attach an amended docket sheet with the final style of the case.

Western District of Arkansas  -  FAYETTEVILLE  DIVISION

## 17-CV-3092 DAVID A. STEBBINS vs. STATE OF ARKANSAS et al

Length of Trial:          **NONE**

Financial Status:    Fee Paid?                                    Yes        No **XX**

          If NO, has IFP been granted?           Yes **XX**     No

          Is there a pending motion for IFP?      Yes        No XX

Are there any other post-judgment motions?        Yes        No **XX**

Please identify the court reporter.

        If no court reporter, please check  **XXXX**

        Name          **DANA HAYDEN**
        Address       **35 E. MOUNTAIN, ROOM 559**
                      **FAYETTEVILLE, AR 72701**
Telephone Number    **479-695-4460**

**CRIMINAL CASES ONLY:**
        Is the defendant incarcerated?              Yes    No **XX**
Place of confinement, if known:

Please list all other defendants in this case, if there were multiple defendants.

SPECIAL COMMENTS: