UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

DAVID A. STEBBINS     18-2308     APPELLANT

VS.     CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES     APPELLEES

## MOTION FOR APPOINTMENT OF COUNSEL

Comes now, *pro se* Appellant David Stebbins, who hereby submits the following Motion to the Court to appoint counsel to represent him in the above-styled appellate proceeding.

1. Although there is no constitutional or statutory right to appointed counsel in civil cases, the Court does have discretion to appoint counsel. This court has stated that "appointment of counsel is appropriate ... where there is a question of credibility of witnesses and where the case presents serious allegations of fact which are not facially frivolous." Johnson v. Williams, 788 F. 2d 1319, 1323 (8th Cir. 1986). Other factors to consider include "the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." See Davis v. Scott, 94 F. 3d 444, 447 (8th Cir. 1996).

2. Appeal is almost always going to be a complicated legal measure, as evidenced by the fact that the standard retainer for an appellate attorney is usually around $5,000.

3. Because of such an unusually high retainer, and my indigency (as evidenced by the Motion for Leave to Proceed on appeal in forma paupeirs, which is being filed simultaneously with this motion), it follows naturally that I will be unable to afford counsel of my own.

4. By granting my application for leave to appeal in forma pauperis, the District Court has effectively conceded that this appeal is not frivolous.

**FAX RECEIVED**

JUN 2 1 2018

U.S. COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

5.   This appeal will present various significant and complex legal questions, including but not limited to the following:

(a)   If a district court of competent jurisdiction denies a motion to dismiss for failure to state a claim, does that necessarily constitute an affirmance from that court that, if the Plaintiff shows evidence to prove facts exactly as the Complaint describes them, he would be entitled to relief? More importantly, if the case is later transferred to another judge or trial court, is this new judge bound, under the doctrines of *res judicata* and collateral esoppel, to stave off summary judgment in the Defense's favor if the Plaintiff subsequently shows the evidence that proves the facts exactly as the Plaintiff describes them?

(b)   Does the uncorroborated word of an interested party, alone without more, constitute sufficient evidence to warrant summary judgment in that party's favor? If it does not, then do the contents of written documents which the Defendants had complete control over elevate the probative value of their evidence to a level that justifies summary judgment?

(c)   In a discrimination case, does the mere fact that the Defendants *determined* the Plaintiff to be ineligible or unqualified automatically exonerate the Defendants of discrimination, regardless of what factors they considered in reaching that conclusion?

(d)   On a motion for summary judgment, is the trail court required to address all nonfrivolous arguments properly and timely put before it? Put another way: Does a trial court have discretion to completely ignore nonfrivolous arguments that are presented to it in a technically perfect and timely manner?

(e)   In a discrimination case, when the plaintiff challenges the essentialness of an eligibility requirement, is the Court required to dispose of that challenge on the merits *before* he reaches the question of whether the Plaintiff meets this eligibility requirement?

(f) Has Timothy Brookes demonstrated a sufficient pattern of arbitrary rulings in my disfavor to suggest that he might be so annoyed by me that his personal annoyance is becoming a factor in his decisionmaking (even if it may only be a subconscious factor), thus requiring his recusal?

(g) In what circumstances is a Court required to give an explanation for his rulings? Is he exempt from having ot provide an explanation when he reviews a magistrate judge's recommendation, even when the objections to that recommendation present nonfrviolous objections? Is he required to give an explanation when denying a motion for reconsideration or to recuse? Is he required to give an explanation when denying a motion for appointment of counsel? Is he required to given an explanation when denying a motion for relief of judgment pursuant to FRCP 60(b)?

6. For all of these reasons, the parties and the court would probably benefit from the appointment of counsel in this case.

7. I therefore ask that an attorney be assigned to advocate on my behalf.

So requested on this, the 21st day of June, 2018.

*David S Stebbins*

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com