# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

DAVID A. STEBBINS                                    APPELLANT

VS.                        CASE NO.: 18-2308

STATE OF ARKANSAS, ET AL.                            APPELLEES

---

## AN APPEAL FROM THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### HARRISON DIVISION
### HONORABLE TIMOTHY L. BROOKS
### UNITED STATES DISTRICT JUDGE

---

## APPELLEES' BRIEF

---

Respectfully Submitted:
**LESLIE RUTLEDGE**
**Attorney General**
**State of Arkansas**

By:  **Kesia Morrison**
**License No.: 2015244**
**Assistant Attorney General**
**323 Center Street, Suite 200**
**Little Rock, Arkansas 72201**
**Phone No.: (501) 682-3676**

**ATTORNEYS FOR APPELLEES**

## SUMMARY OF THE CASE

David Stebbins filed this action alleging Amy Jones and Arkansas Rehabilitation Services ("ARS") violated his civil rights pursuant to 42 U.S.C. § 1983, the First Amendment to the United States Constitution, Title II of the Americans with Disabilities Act, and Section 504 of the Rehab Act. Stebbins also named the State of Arkansas but made no allegations against the State in his complaint. The district court dismissed the § 1983 claim against Jones for damages. It later granted summary judgment in favor of Jones and ARS ("Appellees"), concluding that they had nondiscriminatory and nonretaliatory reasons for denying Stebbins's request for services. On appeal, Stebbins argues that the district court made a number of errors when granting summary judgment in favor of the Appellees, and that the district court abused its discretion in a number of ways. Appellees submit that the district court's decision was correct in all respects and should be affirmed.

Appellees do not believe oral argument will be beneficial to the Court. But, if the Court would prefer it, ten minutes would be sufficient.

i

# TABLE OF CONTENTS

Summary of the Case ...............................................................i

Table of Contents ................................................... ii

Table of Authorities.................................................v

Jurisdictional Statement ......................................... ix

Statement of the Issues.............................................x

Statement of the Case ...............................................1

Summary of the Argument.................................................8

Argument ......................................................................10

    I. **The district court correctly granted summary judgment to Appellees**...................................................11

        A. Standard of Review.................................................11

        B. Appellees did not discriminate against Stebbins by denying his request for immediate funding to attend college when he did not meet the essential eligibility requirements of the program. .............................................. 12

        C. Arkansas Rehabilitation Services did not violate Stebbins's First Amendment rights by knowing about his litigation history when it denied his request for immediate funding to attend college. ..................................... 18

        D. Stebbins did not exhaust his administrative remedies prior to filing suit................................................ 19

        E. Neither res judicata nor collateral estoppel bars arguments for summary judgment that were previously

Appellate Case: 18-2308     Page: 3     Date Filed: 11/13/2018 Entry ID: 4725492

raised in a motion to dismiss...........................................................21

F. Stebbins's motions for summary judgment were properly denied ..........................................................................22

G. The district court had sufficient evidence to support its Findings.........................................................................25

H. Stebbins was not entitled to reconsideration or relief from judgment......................................................................26

**II. The district court did not abuse its discretion**......................29

A. The district court adequately explained its rulings and therefore did not abuse its discretion ................................29

B. The district court did not abuse its discretion by denying Stebbins's motion for appointment of counsel .................30

C. The district court did not abuse its discretion when it transferred the case from the Eastern District of Arkansas to the Western District ....................................................31

D. The district court did not abuse its discretion when it partially granted Stebbins's motion to compel..............................33

E. The district court did not abuse its discretion by declining to sanction Appellees.........................................34

F. The district court did not abuse its discretion by denying Stebbins's motion for adverse inference.........................35

G. The Honorable Timothy Brooks did not abuse his discretion by failing to recuse ........................................36

**Conclusion**............................................................................**37**

**Certificate of Service** ...........................................................**40**

Appellate Case: 18-2308    Page: 4    Date Filed: 11/13/2018 Entry ID: 4725492

**Certificate of Compliance** ..................................................................**41**

iv

# TABLE OF AUTHORITIES

## Cases

*Am. Red Cross v. Cmty. Blood Ctr.*, 257 F.3d 859 (8th Cir. 2001) ........... 29

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ............................ 12

*Argenyi v. Creighton Univ.*, 703 F.3d 441 (8th Cir. 2013) ................. x, 13

*Broadway v. Norris*, 193 F.3d 987 (8th Cir. 1999) .................................... 26

*Chambers v. Pennycook*, 641 F.3d 898 (8th Cir. 2011) ............................ 30

*Chem–Trend, Inc. v. Newport Indus., Inc.*,
279 F.3d 625 (8th Cir.2002) ............................................................ 36

*Cody v. Hillard*, 139 F.3d 1197 (8th Cir. 1998) ...................................... 29

*Conseco Life Ins. Co. v. Williams*, 620 F.3d 902 (8th Cir. 2010) ........... 26

*Davis v. White*, 858 F.3d 1155 (8th Cir. 2017) ........................................ 35

*Delgado-O'Neil v. City of Minneapolis*,
435 F. App'x 582 (8th Cir. 2003) .......................................................... 34

*Flentje v. First Nat'l Bank of Wynne*,
340 Ark. 563, 11 S.W.3d 531 (2000) .................................................... 26

*Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661 (8th Cir. 2003) ............ 36

*Folkerts v. City of Waverly*, 707 F.3d. 975 (8th Cir. 2013) ....................... 13

*Gas Aggregation Servs., Inc. v. Howard Avista Energy, L.L.C.*,
458 F.3d 733 (8th Cir. 2006) ............................................................ 34

*Gen. Mills Operations v. Five Star Custom Foods, Ltd.*,
703 F.3d 1104 (8th Cir. 2013) ............................................................ 11

Appellate Case: 18-2308    Page: 6    Date Filed: 11/13/2018 Entry ID: 4725492

*Hohn v. BNSF Ry. Co.*, 707 F.3d 995 (8th Cir. 2013)............................ 11

*In re Apple, Inc.*, 602 F.3d 909 (8th Cir. 2010) ......................................... 33

*J.M. v. Francis Howell School District*, 850 F.3d 944 (8th Cir. 2017) ..... 20

*King v. United States*, 553 F.3d 1156 (8th Cir. 2009)............................... 29

*Lane v. Peterson*, 899 F.2d 737 (8th Cir. 1990) ........................................ 21

*Laye v. Cnty. of Dakota*, 625 F.3d 494 (8th Cir. 2010)............................. 12

*Morris v. Union Pac. R.R.*, 373 F.3d 896 (8th Cir. 2004) ........................ 35

*Old Republic Sur. Co. v. McGhee*,
    360 Ark. 562, 203 S.W.3d 94 (2005) ...................................................... 20

*Rayes v. Johnson*, 969 F.2d 700 (8th Cir. 1992) ...................................... 31

*Revels v. Vincenz*, 382 F.3d 870 (8th Cir. 2004)................................... x, 18

*Scott v. Harris*,
    550 U.S. 372, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) .................. 12

*Sours v. Norris*, 782 F.2d 106 (8th Cir. 1986)........................................... 31

*Spirtas Co. v. Nautilus Ins. Co.*,
    715 F.3d 667 (8th Cir. 2013) ............................................................... 11

*St. Martin v. City of St. Paul*, 680 F.3d 1027 (8th Cir. 2012)................. 11

*Stebbins v. Hixson*, Case No. 3:18-CV-03040...................................... 6, 36

*Stebbins v. Stebbins*, 575 F. App'x 705 (8th Cir. 2014............................. 28

*Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739 (8th Cir. 2004)............ 35

Appellate Case: 18-2308    Page: 7    Date Filed: 11/13/2018 Entry ID: 4725492

*Tennessee v. Lane*,
    541 U.S. 509, 124 S. Ct. 1978,
    158 L. Ed. 2d 820 (2004) ...................................................... x, 16, 17, 21

*Terra Int'l, Inc. v. Mississippi Chemical Corp.*,
    119 F.3d 688 (8th Cir. 1997) ................................................ 32

*Toghiyany v. Amerigas Propane, Inc.*,
    309 F.3d 1088 (8th Cir. 2002) .............................................. 34

*United States v. Dace*, 660 F.3d 1011 (8th Cir. 2011) ............................... 24

*U.S. Xpress Enter. Inc. v. J.B. Hunt Transp., Inc.*,
    320 F.3d 809 (8th Cir.2003) .............................................. 26, 27

*United States v. Metro. St. Louis Sewer Dist.*,
    440 F.3d 930 (8th Cir. 2006) .............................................. 26, 27

*Wiggins v. Sargent*, 753 F.2d 663 (8th Cir. 2011) .................................... 30

## Constitutional Provisions and Statutes

U.S. Const. amend. I ....................................................... i, ix, 6, 18

18 U.S.C. § 35.53 ........................................................... 29

20 U.S.C. § 1400 *et seq* ................................................... 20

28 U.S.C. § 1291 ........................................................... vii

28 U.S.C. § 1404 ........................................................... 32

28 U.S.C. § 1915 ........................................................... 31

29 U.S.C. §794 ............................................................. i, ix, 6

42 U.S.C. § 12131 ......................................................... 13, 16

42 U.S.C. § 12132 ......................................................... i, ix, 6

42 U.S.C. § 1983 .......................................................... *i, ix,* 6, 18

Ark. Code Ann. § 20-79-213 ............................................... 14

Appellate Case: 18-2308    Page: 8    Date Filed: 11/13/2018 Entry ID: 4725492

Ark. Code Ann. § 25-30-201 ............................................................... 1

Ark. Code Ann. § 25-30-203 ............................................................. 14

**Rules**

Fed. R. Civ. P. 12 ............................................................................. 21

Fed. R. Civ. P. 52 ............................................................................. 29

Fed. R. Civ. P. 56 .................................................... 11, 12, 22, 25

Fed. R. Civ. P. 59 .................................................................... 26, 27

Fed. R. Civ. P. 60 .................................................................... 26, 27

**Miscellaneous Sources**

72 Wash. & Lee L. Rev. 483 (2015) ............................................. 29

Appellate Case: 18-2308   Page: 9   Date Filed: 11/13/2018 Entry ID: 4725492

## JURISDICTIONAL STATEMENT

The United States District Court had subject matter jurisdiction of Stebbins's 42 U.S.C. § 1983 civil action, in which he alleged violations of his constitutional rights under the Americans with Disabilities Act, section 504 of the Rehabilitation Act, and the First Amendment to the United States Constitution. An order and a final judgment were entered by the court on May 8, 2018, granting the defendants' motion for summary judgment. (Docs. 167 & 168.) Stebbins's Notice of Appeal was filed June 11, 2018. (Doc. 171.) This Court's jurisdiction is based on 28 U.S.C. § 1291, which provides for appellate jurisdiction over a final judgment entered by a United States District Court.

Appellate Case: 18-2308    Page: 10    Date Filed: 11/13/2018 Entry ID: 4725492

# STATEMENT OF THE ISSUES

1. Federal law prohibits discrimination against an individual with a disability who meets the essential eligibility requirements of a public program. ARS, a public program, requires that an individual be likely to succeed in the workforce to receive services. Stebbins's untreated mental illness rendered him unlikely to succeed in the workforce, or in college, at the time of his application for $16,323 to attend college. Did ARS discriminate against Stebbins by denying his request when he did not meet the essential eligibility requirement?

   *Argenyi v. Creighton Univ.*, 703 F.3d 441, 447 (8th Cir. 2013)

   *Tennessee v. Lane*, 541 U.S. 509, 531-32, 124 S. Ct. 1978, 1993, 158 L. Ed. 2d 820 (2004).

2. First Amendment retaliation occurs when an individual suffers an adverse action that was motivated in part by a protected activity. ARS staff knew Stebbins filed multiple civil lawsuits – a protected activity – but Stebbins was ultimately denied services because his untreated mental health conditions jeopardized his ability to succeed in the workforce or in college. Did ARS violate Stebbins's First Amendment rights by knowing about his litigation history when denying him services?

   *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

x

# STATEMENT OF THE CASE

*Summary of Facts*

Arkansas Rehabilitation Services ("ARS") is a state agency that serves Arkansans with disabilities by providing training and support to increase employment opportunities. *See* Ark. Code Ann. § 25-30-201. ARS has sole responsibility for determining eligibility for its services, and it has an established administrative appeal process. (Doc. 109-1.)

On December 1, 2015, David Stebbins went to ARS's Harrison office and applied for $16,308 per year from ARS to attend Arkansas Tech University in Russellville. (Doc. 109-2.) Stebbins's counselor began the process of determining his eligibility and need for services. (Doc. 109-2.)

Between December 3 and December 9, 2015, Stebbins called and emailed ARS staff multiple times, seeking updates about his request for funds. (Doc. 109-2, pp. 35-47, 52-53, 59.) ARS staff grew concerned because of the extreme agitation and overt hostility Stebbins expressed during his phone calls. (Doc. 109-2, pp. 35-47, 52-53, 59.)

ARS staff contacted Amy Jones, ARS District I Director, about Stebbins's communications. (Doc. 109-2, pp. 42-44.) Due to Stebbins's

1

agitated and hostile behavior, Jones was concerned about the Harrison office staff's safety. (Doc. 109-2, p. 46.) She instructed Harrison staff to keep the internal lobby doors locked at all times, and to call the police if Stebbins appeared at the office. (Doc. 109-2, p. 44.) One staff member reported Stebbins's behavior to the Harrison Police Department on December 8. (Doc. 109-2, p. 45.) Another staff member reported his behavior on December 9. (Doc. 109-2, p. 48.) Based on these events, Jones was not comfortable arranging a face-to-face interview between Stebbins and another ARS staff member. (Doc. 109-2, p. 46.)

On December 15, 2015, Jones asked Leslie Johnson, ARS's Licensed Psychological Examiner, to review Stebbins's mental health treatment records to determine the feasibility of vocational rehabilitation services. (Doc. 109-2, p. 56.) Johnson had access to all the medical treatment records ARS was able to gather from Stebbins's healthcare providers. From those records, Johnson learned that Stebbins admitted to at least two incidences of violence: 1) he had been kicked out of the University of Arkansas "for making threatening statements" (Doc. 109-2, p. 56); and 2) he was charged with assault for stabbing his father. (Doc. 109-2, p. 56.) He attempted to commit suicide

2

by drinking bleach. (Doc. 109-2, p. 56.) He reported feelings of frustration, anger, and depression. (Doc. 109-2, p. 56.) The most recent records were from April 2015, around the time of his attempted suicide. (Doc. 109-2, p. 56.) Stebbins was briefly admitted to St. Bernard's Medical Center for psychiatric care, and was released with instructions for follow-up care. (Doc. 109-2, pp. 32-33.) Johnson noted that Stebbins's doctors described him as "impulsive, lack[ing] insight, paranoid, irritable and agitated." (Doc. 109-2, p. 56.) Stebbins admitted to ARS that he was "not currently in treatment for his mental health issues," which included major depressive disorder, Asperger's Disorder, Delusional Disorder, and Cluster B personality disorder traits (including narcissistic and antisocial personality disorders.) (Doc. 109-2, p. 56.)

Johnson also performed a public records search to learn more about Stebbins's assault charge and to see if there were any other criminal charges against him. (Doc. 109-2, p. 56.) Johnson found multiple civil lawsuits against Stebbins's parents, Wal-Mart, the University of Arkansas, and federal judges, but no additional criminal

3

charges. (Doc. 109-2, p. 56.) She documented these findings in her report.

Johnson concluded that Stebbins's various psychological conditions were "likely to be manifested in a vocational setting" in several negative ways. (Doc. 109-2, p. 57.) She explained that Stebbins's medical records "indicated a history of physical aggression and threatening statements," which led her to conclude that Stebbins was "not currently appropriate for vocational rehabilitation services." (Doc. 109-2, p. 57.) Johnson strongly recommended a referral to a mental health provider for "treatment and the support of a therapeutic relationship." (Doc. 109-2, p. 57.) According to Johnson, for Stebbins to be an appropriate candidate for ARS services, "he should be able to demonstrate a period of stable functioning" and he should "provide documentation from his mental healthcare providers that his symptoms are well-managed and they agree he is ready for training, school or work." (Doc. 109-2, p. 57.)

Jones reviewed Johnson's report and other documents in Stebbins's file. Jones learned that Stebbins has over $40,000 in student loan debt from prior attempts to go to college, but has only accrued a

4

few credits. (Doc. 109-2, pp. 19, 44.) She also learned about Stebbins's terroristic threatening incident at the University of Arkansas. (Doc. 109-2, pp. 18, 44.) When Jones spoke to Stebbins, he was not cooperative in a conversation about his grades or his transcripts. (Doc. 109-2, p. 18.)

On December 16, 2015, Jones determined that at that time, Stebbins was not a good candidate for vocational rehabilitation services. (Doc. 109-2.) She based this decision on Stebbins interactions with herself and her staff, his medical records and history, and his refusal of treatment. (Doc. 109-2, p. 59.) Jones notified Stebbins of her decision by letter. (Doc. 109-2, p. 60.) The letter contained excerpts of Johnson's report and explained that if Stebbins disagreed with the decision, he could request a hearing. (Doc. 109-2, p. 60.) The following day, she sent an additional letter that clarified that the denial of services was not permanent. (Doc. 109-2, p. 62.) Jones explained that ARS would reassess his eligibility if he provided documentation of treatment and stability. (Doc. 109-2, p. 62.) Stebbins concedes that he did not attempt an administrative appeal of ARS's eligibility determination. (Doc. 167.)

5

Stebbins contends that ARS denied his request for funds to attend college *because of* his disabilities, in violation of the Americans with Disabilities Act and Section 504 of the Rehab Act. (Docs. 2, 56-1.) He also asserts that the denial of funds was based on his litigious history, in violation of his First Amendment right to file civil lawsuits. (Doc. 2.)

*Procedural History*

Stebbins filed suit against ARS, Jones, and the State of Arkansas[1] in the Eastern District of Arkansas on July 27, 2016.[2] (Doc.2.) He alleged discrimination and retaliation under the Americans with Disabilities Act ("ADA") and First Amendment retaliation under 42 U.S.C. § 1983. (Doc. 2.) He later amended his complaint to include a discrimination claim under Section 504 of the Rehab Act. (Docs. 2, 56-1.)

Appellees filed a motion to dismiss for failure to state a claim upon which relief could be granted (Doc. 15), which was granted in part and denied in part (Doc. 55). Appellees later filed motions for summary

---

[1] Stebbins named the State of Arkansas in his complaint but made no factual allegations against the State.

[2] Stebbins has been cautioned not to file suit in the Eastern District of Arkansas when venue more properly lies in the Western District. *Stebbins v. Hixson*, No. 3:18-CV-03040, 2018 WL 2124106, at *3 (W.D. Ark. May 8, 2018).

6

judgment (Docs. 109, 131), which were granted (Doc. 167). Stebbins also filed motions for summary judgment (Docs. 25, 79, 123), which were denied (Docs. 55, 167.)

In addition to disputing the district court's summary judgment rulings, Stebbins appeals the following: 1) denial of motion to appoint counsel (Docs. 3, 6); 2) denial of Stebbins's motions for summary judgment (Docs. 25-27, 51; 79, 123, 167); 3) denial of Stebbins's various motions for sanctions, for contempt, to strike, and for adverse inference (Docs. 18, 20; 31, 32, 41, 46; 63, 91, 113; 117, 166; 134, 141); 4) transfer of the case to the Western District of Arkansas (Doc. 89); 5) partial grant of Stebbins's motion to compel discovery (Docs. 102, 112); and 6) denial of Stebbins's motions to reconsider and for relief of judgment (Docs. 169, 170; 177, 178). Further, he claims that the district court failed to give adequate explanations in some of its orders (Docs. 5, 10, 55, 89, 112, 141, 142, 166, 178), though he does not specify which orders are allegedly deficient.

Appellate Case: 18-2308     Page: 18     Date Filed: 11/13/2018 Entry ID: 4725492

## SUMMARY OF THE ARGUMENT

Stebbins seems to believe that the ADA and the Rehab Act give him an affirmative right to any service he wants because of his disability. He believes ARS "clearly" violated the law when it denied his request for $16,323 based on its conclusion that his aggressive, erratic behavior would interfere with his ability to succeed in the workforce. Stebbins misunderstands the law.

The ADA and the Rehab Act did not require ARS to give Stebbins $16,323 to attend college when his unstable and untreated mental illnesses were likely to prevent him from completing the endeavor and finding employment afterward. The district court correctly found that this is not discrimination.

Stebbins also seems to believe that the mere act of mentioning his litigious behavior amounts to First Amendment retaliation. It does not. ARS did not retaliate against Stebbins by searching public records to see if he had any criminal activity and documenting the results of that search. Furthermore, ARS did not rely on those search results when it denied Stebbins's request for services. The district court correctly found that this is not retaliation.

8

Stebbins admits he did not exhaust his administrative remedies prior to filing this federal lawsuit, but claims he did not have to. Stebbins is mistaken. ARS should have had the opportunity to review the issue before Stebbins resorted to the courts. The district court did not rely on exhaustion for summary judgment, but it could have. This failure to exhaust was sufficient grounds, on its own, for dismissal.

In addition to his claims that ARS "clearly" violated the law, he attacks the validity of a number of the district court's decisions. He takes issue with the arguments the district court considered, and the district court's decision not to articulate a response to every argument it considered. He takes issue with the district court's consideration of affidavits and documents in the record when ruling on motions for summary judgment. He complains that his post-judgment motions were denied when he did not meet the standards for reconsideration or relief from judgment. Stebbins also claims the district court abused its discretion in a number of ways. Each error Stebbins assigns to the district court can be summed up as follows: the district court did not do what Stebbins wanted it to do. That is not abuse of discretion.

9

# ARGUMENT

Stebbins's arguments on appeal can be divided into two categories: 1) attacks on the district court's decision to grant Appellees' two motions for summary judgment and deny Stebbins's three motions for summary judgment, and 2) assertions that the district court abused its discretion.

The district court correctly granted summary judgment to the Appellees because ARS had nondiscriminatory and nonretaliatory reasons for denying Stebbins's request for $16,323 per year to attend school. Stebbins attacks the district court's finding on the merits, and also complains that the district court considered affidavits and documents in the record as well as arguments that were previously raised in a motion to dismiss. Stebbins's challenges to the grant of summary judgment fail.

Stebbins's assertions that the district court abused its discretion likewise fail. He complains that 1) the district court did not explain its decisions; 2) the district court did not appoint an attorney to represent him; 3) the district court transferred venue from the Eastern to the Western District; 4) the district court only partially granted his motion to compel; 5) the district court did not sanction Appellees; and 6) the

10

district court did not grant his motion for adverse inference against Appellees.

The district court correctly granted summary judgment to the Appellees, and it did not abuse its discretion. The judgment of the district court should be affirmed.

## I. The district court correctly granted summary judgment to Appellees.

### A. Standard of Review

"This court reviews de novo a grant of summary judgment, construing all facts and making all reasonable inferences favorable to the nonmovant." *Spirtas Co. v. Nautilus Ins. Co.*, 715 F.3d 667, 670 (8th Cir. 2013) (quoting *Gen. Mills Operations v. Five Star Custom Foods, Ltd.*, 703 F.3d 1104, 1107 (8th Cir. 2013)). This Court "may affirm the judgment on any basis supported by the record." *Hohn v. BNSF Ry. Co.*, 707 F.3d 995, 1000 (8th Cir. 2013) (citing *St. Martin v. City of St. Paul*, 680 F.3d 1027, 1032 (8th Cir. 2012)).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support its factual positions by "citing to particular parts of the record,

11

including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). To survive summary judgment, a party must show more than a mere scintilla of evidence or some metaphysical doubt. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007).

> B. <u>Appellees did not discriminate against Stebbins by denying his request for immediate funding to attend college when he did not meet the essential eligibility requirements of the program.</u>

Stebbins asserts that the Appellees violated the Americans with Disabilities Act[3] and Section 504 of the Rehab Act[4] by denying his request for immediate funding of $16,308 per year to attend Arkansas Tech University. Because the substantive standards of these claims are the same, *Laye v. Cnty. of Dakota*, 625 F.3d 494, 496 (8th Cir. 2010), Appellees will analyze the claims together for the Court's convenience.

Stebbins's discrimination claims fail because the denial of services was not *because of* his disability. ARS denied services because

---

[3] 42 U.S.C. § 12132
[4] 29 US.C. § 794

12

Stebbins's past and present behavior suggested that he was not likely to succeed in the workforce with temporary assistance from ARS – an essential eligibility requirement for vocational rehabilitation services. (Docs. 109-1, 109-2.)

To state a disability discrimination claim under either the ADA or the Rehab Act, Stebbins must show: (1) that he is a qualified individual with a disability – that is, that he is both disabled and qualified to receive the services he sought; (2) that he was denied services or benefits; and (3) that the denial was because of his disability. *See Argenyi v. Creighton Univ.*, 703 F.3d 441, 447 (8th Cir. 2013); *Folkerts v. City of Waverly*, 707 F.3d. 975, 983 (8th Cir. 2013). A qualified individual with a disability is a person "who, with or without reasonable modifications to rules, policies, or practices…meets the essential eligibility requirements for the receipt of services or the participation in programs or activities by a public entity." 42 U.S.C. § 12131(2).

Appellees do not dispute that Stebbins is an individual with a disability. Nor do Appellees dispute that Stebbins was denied services. However, Stebbins was not denied services because of his disability, but

13

because he did not meet the essential eligibility requirements for the benefits he sought.

Arkansas law provides the essential eligibility requirements for ARS benefits. ARS provides services to individuals with disabilities who are likely to succeed in the workforce with some temporary assistance from ARS. Ark. Code Ann. § 20-79-213(a)(1); Ark. Code Ann. § 25-30-203(a). ARS determines whether the individual is likely to succeed as part of its intake and eligibility determination. *See id.* While there is a presumption that an individual can benefit from vocational rehabilitation services, that presumption is overcome if, for example, the severity of an individual's disability might preclude him from obtaining employment. (Doc. 109-01, p. 3.)

ARS staff reviewed the academic, medical and behavioral records for Stebbins to which they had access. Based on those records, and Stebbins's interactions with ARS staff, ARS staff determined that Stebbins was not likely to succeed at Arkansas Tech University.

Stebbins has a history of failing to complete his educational endeavors. (Doc. 109-2, p. 44.) Stebbins was expelled from the University of Arkansas at Fayetteville because of an incident that was severe

14

enough to be deemed terroristic threatening. (Doc. 109-2, p. 44.) Stebbins also attempted to pursue an education at North Arkansas College, but he did not complete most of the semesters he attempted. (Doc. 109-2, p. 44.) Stebbins has amassed $40,000 in student loan debt with only a few credit hours to show for it. (Doc. 109-2, p. 44.)

The terroristic threatening incident at the University of Arkansas was not Stebbins's only behavior ARS considered. He was also charged with assault after he stabbed his father (Doc. 109-2, p. 56.), and was volatile toward ARS staff directly. (Doc. 109-2.)

Stebbins's violent history made his interactions with ARS staff all the more worrisome. He shouted at staff, accused staff of conspiring against him, and refused to engage in civil discussions with staff. ARS staff were so concerned about Stebbins's behavior that they notified local law enforcement. (Doc. 109-2, p. 44.)

When Stebbins applied for services, he was not receiving any treatment for his disabilities. (Doc. 109-2, p. 30.) Medical records reflect that he had been advised to pursue ongoing treatment (Doc. 109-2, p. 47), but Stebbins took no action on that advice.

Appellate Case: 18-2308    Page: 26    Date Filed: 11/13/2018 Entry ID: 4725492

Johnson, ARS's licensed psychological examiner, reviewed Stebbins's file and concluded that Stebbins was not eligible to receive vocational rehabilitation services at that time because of the implications his behavior would have on his success. (Doc. 109-2, p. 57.) Johnson recommended treatment for Stebbins and reconsideration of his case once he is ready for training, school or work. (Doc. 109-2, p. 57.)

Because Stebbins was unstable and untreated when he applied for services, he was <u>not likely to succeed</u>, and therefore was not eligible to have ARS immediately provide him $16,038 per year to try school again. The district court correctly found that the Appellee's reasons for temporary denial of services were not discriminatory.

In response to Appellees' determination that Stebbins did not meet their essential eligibility requirements, Stebbins argues that the requirements are facially discriminatory and therefore impermissible. This argument fails. By its language, the ADA contemplates that programs will have "essential eligibility requirements." 42 U.S.C. § 12131(2). An essential eligibility requirement is not necessarily discriminatory just because it has a disparate impact on disabled

Appellate Case: 18-2308     Page: 27     Date Filed: 11/13/2018 Entry ID: 4725492

individuals. *See Tennessee v. Lane*, 541 U.S. 509, 531-32, 124 S. Ct. 1978, 1993, 158 L. Ed. 2d 820 (2004).

Alternatively, Stebbins argues, ARS should have modified its essential eligibility requirements to make him eligible immediately. Specifically, Stebbins asserted that ARS should have accommodated him by giving him the money to enroll in school and trusting that Stebbins would pursue therapy at the same time. First, this is not a reasonable accommodation or modification. The ADA does not require a state "to employ any and all means to make . . . services available to persons with disabilities, and it does not require states to compromise their essential eligibility criteria for public programs." *Lane*, 541 U.S. at 531-32, 124 S.Ct. at 1993, 158 L. Ed. at 820. Second, ARS only temporarily denied Stebbins's request for funding and invited him to apply again once he could demonstrate the stability needed to succeed. (Doc 109-2, p. 130.)

Appellees did not deny Stebbins's request for immediate funding to attend college *because of* his disability. Rather, Appellees denied his request because at the time, Stebbins did not meet ARS's essential eligibility requirements. ARS invited Stebbins to reapply when he is

17

stable. The district court correctly found that Appellees did not discriminate against Stebbins by denying his request for the immediate distribution of $16,323 to enable him to attend Arkansas Tech University. The judgment of the district court should be affirmed.

C.  <u>Arkansas Rehabilitation Services did not violate Stebbins's First Amendment rights by knowing about his litigation history when it denied his request for immediate funding to attend college.</u>

Stebbins alleges that Appellees denied him vocational rehabilitation services to retaliate against him for filing civil lawsuits, a violation of his First Amendment rights. To establish a First Amendment retaliation claim under § 1983, Stebbins must show that: (1) he engaged in a protected activity; (2) he suffered an adverse action that would chill a person of ordinary firmness from continuing in the activity; and (3) the adverse action was motivated "at least in part" by the exercise of the protected activity. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

ARS admits it knew about Stebbins's litigation history, but denies that knowledge had any impact on its decision. Appellees learned about Stebbins's litigation history when Johnson conducted a public records search to see whether Stebbins had any criminal activity besides domestic battery. (Doc. 109-2, p. 46.) Seeing no additional criminal

18

charges, Johnson wrote in her report: "A search of public records revealed multiple lawsuits by Mr. Stebbins against his parents, Wal-Mart, the U of A, and federal judges. Causes of action were mainly civil rights and discrimination." (Doc. 109-2, p. 56.)

This litigation history did not motivate ARS's denial of Stebbins's request for immediate funding to attend college. ARS denied services to Stebbins because he was not receiving treatment for his existing, serious mental health conditions, and because the lack of treatment jeopardized his ability to succeed at Arkansas Tech. Further, the denial of services was temporary. ARS advised Stebbins that it would reconsider his request when a doctor could certify that he was ready for school or work.

Appellees did not retaliate against Stebbins by knowing about his litigation history. Appellees had nonretaliatory reasons for denying Stebbins's request for the immediate distribution of $16,323 to enable him to attend Arkansas Tech University. The judgment of the district court should be affirmed.

D. <u>Stebbins did not exhaust his administrative remedies prior to filing suit.</u>

Stebbins admits he did not exhaust his administrative remedies prior to filing this lawsuit, but claims he was not required to exhaust.

19

Stebbins quotes *J.M. v. Francis Howell School District* in support of this proposition. Appellant's Br. at Arg. 41; 850 F.3d 944, 947 (8th Cir. 2017). Stebbins's reliance on *J.M.* is misplaced. In *J.M.*, the court actually found that exhaustion was required after some analysis about whether the lawsuit concerned a free and appropriate public education or some other harm. *Id.* Moreover, *J.M.* does not apply here because it concerns exhaustion under the Individuals with Disabilities Education Act, which governs free and appropriate public education for children with disabilities in public schools. *See* 20 U.S.C. § 1400 *et seq.*

Here, Stebbins was required to exhaust. A basic rule of administrative procedure requires that an agency be given the opportunity to address a question before a complainant resorts to the courts. *See Old Republic Sur. Co. v. McGhee*, 360 Ark. 562, 203 S.W.3d 94 (2005). Judicial relief is not available until the prescribed statutory remedy has been exhausted. *Id.* Failure to exhaust administrative remedies is "grounds for dismissal." *Id.*

The district court correctly noted that Stebbins failed to exhaust his administrative remedies. It also correctly found that ARS neither retaliated nor discriminated against Stebbins when it denied him

20

services for which he was not eligible. The judgment of the district court should be affirmed.

E. Neither res judicata nor collateral estoppel bars arguments for summary judgment that were previously raised in a motion to dismiss.

Stebbins argues that res judicata and collateral estoppel bar Appellees' summary judgment arguments because the arguments were previously raised in a motion to dismiss. Stebbins Br., p. 35-39. Stebbins misunderstands these doctrines.

Res judicata, or claim preclusion, bars "the relitigation of a claim on grounds that were raised or could have been raised" in a prior action. *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990). Collateral estoppel, or issue preclusion, bars relitigation of issues in a second cause of action. *Id.* Neither doctrine applies to the same arguments being raised in a motion to dismiss and, later, a motion for summary judgment in the same action.

Furthermore, as the district court noted, motions to dismiss and motions for summary judgment serve two different purposes. (Doc. 113, p. 6.) A motion to dismiss for failure to state a claim asserts that there is nothing in the complaint that would entitle the plaintiff to judicial

21

relief. Fed. R. Civ. P. 12(b)(6). Conversely, a motion for summary judgment asserts that, because there are no disputed questions of law for the trier of fact to decide, the court can decide the outcome of the case without a trial. *See* Fed. R. Civ. P. 56. In any event, surviving either motion does not indicate the plaintiff has won his case on the merits, but rather that the plaintiff can continue to litigate his claims.

The district court properly considered Appellees' arguments, and correctly concluded that Appellees were entitled to judgment as a matter of law. The judgment of the district court should be affirmed.

F. <u>Stebbins's motions for summary judgment were properly denied.</u>

Stebbins claims the district court erred when it denied each of his three motions for summary judgment (Docs. 25, 79, 123.) Stebbins's first partial motion for summary judgment was denied because it was premature, and the district court properly denied Stebbins's motion for reconsideration of that denial. Stebbins's second and third summary judgment motions were denied because Stebbins was not entitled to judgment as a matter of law. As explained in section II(A) of Appellees' brief, the district court did not need to articulate a response to every single argument Stebbins raised before denying his motions.

22

Stebbins asserts that the district court abused its discretion when it denied his first motion for partial summary judgment (Doc. 25), which was filed immediately after the court entered the initial scheduling order (Docs. 22, 51). He claims the court did not provide an explanation for its denial. In denying Stebbins's first motion for summary judgment, the court wrote, "No discovery has been conducted, the record is not yet fully developed, and a host of undeveloped factual questions still exist." (Doc. 51, p. 18.) Additionally, the court included a footnote with citations to six cases in support of its ruling. (Doc. 51, p. 18.) Stebbins's arguments that the court did not explain its ruling are wholly without merit. The district court did not abuse its discretion.

Stebbins moved for reconsideration or, in the alternative, to clarify the court's order denying his first motion for summary judgment. He claimed there was not sufficient explanation of the court's ruling. Stebbins complains that the district court cited a case from the 10th Circuit in its response to his motion. (Stebbins Br., p. 13; Doc. 88.) He complains that the precedent is persuasive, not binding, and claims the precedent he cited is binding. First, Appellees do not know the court's reason for citing a 10th Circuit case instead of an 8th Circuit case, but

23

Appellees know of no reason why it could not do so. Second, the cases Stebbins cited from the 8th Circuit concern either criminal sentencing or situations in which there is no discernable explanation of the court's reasoning. This case obviously does not concern criminal sentencing, and, as discussed further in Section II(A) of Appellees' Brief, the district court below explained its decisions. Stebbins's complaints about the court relying on a 10th Circuit case are without merit.

The other motions for summary were denied for the reasons stated above: Appellees had nondiscriminatory and non-retaliatory reasons for denying Stebbins's request for immediate funding to attend Arkansas Tech University. (Doc. 167.) Stebbins claims that the district court abused its discretion when it did not respond to three of the arguments he raised in his motions for summary judgment. (Stebbins Br., p. 41-42.) This is not the law. District courts generally have discretion to decide whether to respond to each argument. *See United States v. Dace*, 660 F.3d 1011, 1014 (8th Cir. 2011).

The district court correctly denied Stebbins's motions for summary judgment. The judgment of the district court should be affirmed.

24

## G. The district court had sufficient evidence to support its findings.

Stebbins claims that the district court erred by concluding that Appellees' evidence "constituted proof beyond material dispute." Stebbins Br., p. 39. As noted above, a party may support its factual positions by "citing to particular parts of the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

When appellees submitted their motions for summary judgment, they attached as exhibits an excerpt from ARS's policy manual, Stebbins's complete file with ARS, two affidavits, and public records concerning Stebbins. (Docs. 109-1-5.) By comparison, Stebbins offered no evidence beyond conjecture that the Appellees were motivated by discrimination or retaliation when they denied his application for immediate funding to attend college. (Docs. 25, 79, 123.)

Stebbins may not be personally satisfied with the evidence Appellees offered, but there was, indeed, evidence offered. The evidence was sufficient to support the district court's finding that Appellees had

25

nondiscriminatory and non-retaliatory reasons for denying Stebbins's request for immediate funding to attend college. Stebbins's did not meet proof with proof by offering nothing more than wild conjecture about possible devious motivations or sinister plans to alter evidence. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) (citing *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000) ("When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.")). The judgment of the district court should be affirmed.

## H. Stebbins was not entitled to reconsideration or relief from judgment.

Stebbins sought post-judgment relief from the district court's order granting summary judgment to the Appellees. He moved for reconsideration (Doc. 169) and for relief from judgment (Doc. 177). The Appellees believe this court would construe Stebbins's Motion for Reconsideration as a Fed. R. Civ. P. 59(e) motion to alter or amend judgment, because of the subsequent motion for relief from judgment under Rule 60(b). *See Broadway v. Norris*, 193 F.3d 987 (8th Cir. 1999).

Appellate Case: 18-2308    Page: 37    Date Filed: 11/13/2018 Entry ID: 4725492

Motions to alter or amend judgment and motions for relief from judgment are analyzed identically. *See United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citing *U.S. Xpress Enter. Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir.2003) (discussing factors one must show to prevail under Rule 60(b)(2), which are the same under Rule 59(e)). To prevail on either kind of motion, the movant must show: "(1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." *Id.* The district court has broad discretion to grant or deny motions under Rule 59(e) and 60(b), and the appellate court will not reverse unless there was clear abuse of discretion. *Id.*

In his motion for reconsideration, Stebbins did not point to any error of law or fact, nor did he raise any new evidence. (Doc. 169.) Stebbins simply did not agree with the district court's findings. The district court did not abuse its discretion when it declined to reconsider its decision on summary judgment.

27

The district court also correctly denied Stebbins's motion for relief from judgment. The motion for relief from judgment came after Appellees sought reconsideration of the district court's order granting Stebbins leave to appeal *in forma pauperis*. (Docs. 174, 177.) Appellees argued that Stebbins has abused the privilege of filing *in forma pauperis*, and cited to numerous meritless filings. (Doc. 174.) This Court noted in 2014 that "it is undisputed that Stebbins has proceeded *in forma pauperis* on at least sixteen complaints that proved meritless, and has filed numerous frivolous motions, since May 2010." *Stebbins v. Stebbins*, 575 F. App'x 705 (8th Cir. 2014). Whether Stebbins is entitled to litigate every problem he faces, at no cost to him, is wholly immaterial to the dispute about whether Jones or ARS considered his litigation history when denying him services.

For these reasons, the district court correctly denied both of Stebbins's post-judgment motions. The judgment of the district court should be upheld.

28

## II. The district court did not abuse its discretion.

### A. The district court adequately explained its rulings and therefore did not abuse its discretion.

Stebbins cites eleven cases and asserts that the district judge's alleged failure to give an explanation is an "automatic" abuse of discretion. Stebbins Br., pp. 23-24. First, case law does not support Stebbins's use of the word automatic. Second, the cases Stebbins cited concerned instances in which the appellate court had no way of discerning the judge's reasoning, or concerned criminal sentencing factors. In this case, the district court did explain its rulings so there is no abuse of discretion here.

Even if the court did not explain every decision it made, Stebbins's claim would still fail. Federal courts do not have an affirmative duty to give reason for each decision. "[O]nly a few statutory and doctrinal mechanisms exist to constrain federal judges' reason giving, but they do not amount to a universal duty to give reasons." 72 Wash. & Lee L. Rev. 483, 526 (2015) (citing Fed. R. Civ. Pro. 52(a) and 18 U.S.C. § 35.53(c) (2012)). The "district court need not specifically decide each and every disputed fact," but it must provide sufficient findings of fact to enable the appellate court to review its decision. *King v. United States*, 553 F.3d

29

1156, 1161 (8th Cir. 2009) (citing *Am. Red Cross v. Cmty. Blood Ctr.*, 257 F.3d 859, 863 (8th Cir. 2001), *Cody v. Hillard*, 139 F.3d 1197, 1200 (8th Cir. 1998)).

Here, the district court explained its rulings. Each substantive order provides enough information for the appellate court to determine whether the decision was reasoned and well informed. Therefore, the district court did not abuse its discretion.

B. The district court did not abuse its discretion by denying Stebbins's motion for appointment of counsel.

Stebbins claims the district court abused its discretion by denying his motion for appointment of counsel, without prejudice. It did not.

The Court of Appeals reviews the denial of a motion for appointment of counsel for abuse of discretion, affording the district court "a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).

On July 27, 2016, Stebbins submitted a Motion for the Appointment of Counsel. (Doc. 3.) A civil litigant does not have a constitutional or statutory right to the appointment of counsel in a civil action. *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 2011). However,

30

the court may appoint counsel at its discretion. 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel, the court must exercise "a reasoned and well-informed discretion." *Sours v. Norris*, 782 F.2d 106, 107 (8th Cir. 1986). This Court has identified several factors the district court should consider when deciding a request for the appointment of counsel, including the factual and legal complexity of the case, the plaintiff's ability to investigate and present his case, the presence or absence of conflicting testimony, and the plaintiff's ability to present his claims. *Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992).

Stebbins claims the district court abused its discretion because, in his opinion, the court improperly relied on his extensive litigation history. This claim fails.

The district court considered the factors listed above and determined that appointment of counsel was not necessary <u>at the time</u>. (Doc. 5, p. 3.) The court determined that Stebbins is an experienced litigator, and that he "capably articulated the factual and legal bases for his claims." (Doc. 5., p. 3.) Moreover, it was too early to determine whether his arguments were viable or whether appointment of counsel

31

would be beneficial. (Doc. 5, p. 3.) The district court ruled properly and well within its discretion when it denied the appointment of counsel.

C. <u>The district court did not abuse its discretion when it transferred the case from the Eastern District of Arkansas to the Western District.</u>

Stebbins alleges that the District Court for the Eastern District of Arkansas abused its discretion when it transferred venue to the Western District of Arkansas. Appellees asked the court to transfer the case to the Western District because all of alleged events occurred in the Western District; Stebbins resides in the Western District; and Jones and ARS are stationed in the Western District. (Doc. 61, ¶ 35.) Stebbins asserted that venue was "equally proper" in both districts because the State of Arkansas is "headquartered in Little Rock." (Doc. 64, ¶¶ 37, 40-41.) He opined that the district court should defer to his choice as plaintiff. (Doc. 64, ¶¶ 39-41.)

After weighing convenience and the interests of justice, the Eastern District concluded that transfer to the Western District was proper. (Doc. 89, p. 2-3.) *See* 28 U.S.C. § 1404(a); *Terra Int'l, Inc. v. Mississippi Chemical Corp.,* 119 F.3d 688, 696 (8th Cir. 1997). Furthermore, Stebbins's choice of forum was not a convenient one and

Appellate Case: 18-2308     Page: 43     Date Filed: 11/13/2018 Entry ID: 4725492

therefore not entitled to deference. *In re Apple, Inc.*, 602 F.3d 909 (8th Cir. 2010). Transfer to the Western District was proper. The judgment of the district court should be affirmed.

D. <u>The district court did not abuse its discretion when it partially granted Stebbins's motion to compel.</u>

Stebbins complains that the district court only partially granted his motion to compel discovery. Stebbins Br., p. 32. Stebbins's motion to compel discovery demanded that Appellees produce documents in their original electronic form to enable him to review metadata to see whether any information was altered after he filed his lawsuit. (Doc. 102.) In support of his motion, Stebbins attached exhibits that detailed how one could review the metadata of a document produced in Microsoft Word. (Doc. 102-1, 102-2, 102-3, 102-4.) Stebbins's exhibits did not mention any other programs.

Based on Stebbins's motion, the district court ordered the Appellees to electronic copies of any items produced in discovery that were originally generated in Microsoft Word. (Doc. 112.) The district court did not require Appellees to produce electronic versions of documents generated in, for instance, a case management system – likely because Stebbins's exhibits did not mention any program besides Microsoft Word.

33

The district court's ruling on this discovery motion was not a gross abuse of discretion and it did not result in fundamental unfairness. See *Toghiyany v. Amerigas Propane, Inc.*, 309 F.3d 1088 (8th Cir. 2002); *Delgado-O'Neil v. City of Minneapolis*, 435 F. App'x 582, 585 (8th Cir. 2003). The judgment of the district court should be affirmed.

E. <u>The district court did not abuse its discretion by declining to sanction Appellees.</u>

Stebbins asked the district court to sanction Appellees for various perceived wrongdoings. (Docs. 18, 31, 63, 91, 134.) The district court declined to sanction Appellees. (Docs. 20, 46, 113, 141.) Stebbins alleges this is abuse of discretion. It is not.

The district court possesses the inherent power to sanction a party or attorney for bad-faith conduct. *Gas Aggregation Servs., Inc. v. Howard Avista Energy, L.L.C.*, 458 F.3d 733, 739 (8th Cir. 2006). Stebbins complains that the district court did not sanction Appellees for "frivolous and time-wasting discovery objections." Stebbins Br., p. 32-33. Stebbins does not point to which objections are sanction-worthy, and he does not point to any case law that would support sanctions in the instant case. Stebbins's dislike of an argument does not render it frivolous. The district court correctly declined to sanction the Appellees.

34

Its judgment should be affirmed.

F. The district court did not abuse its discretion by denying Stebbins's motion for adverse inference.

Stebbins sought an adverse inference against the Appellees because he believed Appellees intentionally destroyed evidence by deleting metadata so that he could not discern who saved a document, and when. (Doc. 117.) To justify the imposition of sanctions for the destruction of evidence, the Court must find that the evidence in question was intentionally destroyed to suppress the truth, and that the opposing party suffered prejudice as a result. *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 746, 748 (8th Cir. 2004). Whether a sanction is appropriate is a question "peculiarly committed to the district court." *Id.* at 746. This court reviews a district court's decision about sanctions for abuse of discretion. *Id.* The district court "has substantial leeway to determine intent through consideration of circumstantial evidence, witness credibility, motives of the witnesses in a particular case, and other factors." *Davis v. White*, 858 F.3d 1155, 1160 (8th Cir. 2017) (quoting *Morris v. Union Pac. R.R.*, 373 F.3d 896, 900 (8th Cir. 2004)).

The district court reviewed Appellees' explanation of how it saved the file and concluded that there was no wrongdoing. (Docs. 166.) The

Appellate Case: 18-2308   Page: 46   Date Filed: 11/13/2018 Entry ID: 4725492

district court did not abuse its discretion by denying Stebbins's motion for adverse inference.

### G. The Honorable Timothy Brooks did not abuse his discretion by failing to recuse.

Stebbins believes the Honorable Timothy Brooks abused his discretion because he did not recuse himself. Stebbins alleges that Judge Brooks has a grudge against him. Stebbins Br., p. 31, *citing Stebbins v. Hixson*, Case No. 3:18-CV-03040, Doc. 32. He offers no evidence of this grudge, and no evidence that would require recusal, besides the case he cited. Stebbins did not raise the issue of recusal below.

When a recusal claim is not raised below, this Court reviews the failure to recuse for plain error instead of abuse of discretion. *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 663 (8th Cir. 2003). The plain error review is "narrow and confined to the exceptional case where error has seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.*, quoting *Chem–Trend, Inc. v. Newport Indus., Inc.*, 279 F.3d 625, 629 (8th Cir.2002). Reversal is only warranted if the failure to recuse prejudiced Stebbins's substantial rights and would result in a miscarriage of justice. *Id.*

36

Stebbins presented no evidence that Judge Brooks's knowledge of his filing habits affected the fairness, integrity, or public reputation of the proceedings below. Stebbins did cite to an order in support of his claim that Judge Brooks holds a grudge against him, but it is not enough. First, Judge Brooks did not "admit outright to holding a grudge" against Stebbins for his litigation history. Stebbins Br., p. 31. Second, *Stebbins v. Hixson* has nothing to do with the case at bar. Third, Judge Brooks is allowed to consider Stebbins's litigation history when it is relevant, such as when determining whether to grant *in forma pauperis* status or whether to acquiesce to Stebbins's desire to litigate in another venue.

Furthermore, Judge Brooks's judgment is supported by both law and evidence. Stebbins's rights were not substantially prejudiced by Judge Brooks's failure to recuse because neither law nor fact was on Stebbins's side.

Judge Brooks did not commit plain error, and certainly did not abuse his discretion, by failing to recuse. The judgment of the district court should be affirmed.

37

## CONCLUSION

Stebbins was not denied services *because of* his disability. Nor was the denial *motivated by* his litigious history. ARS denied Stebbins's request for $16,323 per year to attend Arkansas Tech University because – at the time – he did not meet an essential eligibility requirement: based on Stebbins's past and present volatile, unstable behavior, he was not likely to succeed in the workforce with temporary assistance from ARS. Stebbins's baseless conjectures about Appellees' motivations do not change the facts or the law. Appellees had nondiscriminatory and nonretaliatory reasons to deny Stebbins's request for services. The district court did not err or abuse its discretion in any way in reaching that conclusion. The judgment of the district court should be affirmed.

Appellate Case: 18-2308    Page: 49    Date Filed: 11/13/2018 Entry ID: 4725492

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By:   */s/ Kesia Morrison*
      Kesia Morrison
      License No.: 2015244
      Assistant Attorney General
      323 Center Street, Suite 200
      Little Rock, Arkansas 72201
      Phone No.: (501) 682-3637
      Fax:  (501) 682-2591
      Attorneys for Appellees

39

## CERTIFICATE OF SERVICE

    I, Kesia Morrison, Assistant Attorney General, do hereby certify that on November 9, 2018, I electronically submitted for filing the foregoing Appellees' Brief with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/EFC system.

*/s/ Kesia Morrison*
Kesia Morrison

Appellate Case: 18-2308    Page: 51    Date Filed: 11/13/2018 Entry ID: 4725492

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B) and (C), the undersigned hereby states that the applicable portions of this brief contain 8,913 words in proportionally sized 14-point Century Schoolbook font. The brief was prepared in Microsoft Office Word 2010. I, Kesia Morrison, hereby certify that the brief has been scanned for viruses and is virus free.

*/s/ Kesia Morrison*
Kesia Morrison

41