FILED

DEC 0 7 2018

MICHAEL E. GANS
CLERK OF COURT

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

DAVID A. STEBBINS                                              APPELLANT

VS.                              CASE NO. 18-2308

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES          APPELLEES

## REPLY BRIEF

Comes now, *pro se* Appellant David Stebbins, who hereby submits the

following Reply Brief in the above-styled action.

## TABLE OF CONTENTS

| Section | Page |
|---|---|
| 1. Table of Authorities | 2 |
| 2. Failure to give any explanation is indeed an automatic abuse of discretion, across the board, not just in criminal sentencing. | 4 |
| 3. The Appellees argue that the requirement to give an explanation only applies if the Appellate Court cannot ascertain the District Court's motives. | 5 |
| 4. The Appellees are changing their story to say that my real or perceived past or present behavior was a factor. The Court cannot consider these arguments. | 7 |
| 5. "likelihood of success" is not an essential eligibility requirement. | 8 |
| 6. A reasonable jury could conclude that my | 9 |

litigation history was a motivating factor.

7. The District Court could not have made      10
the finding in Appellee's favor without
weighing in on the Appellee's witnesses'
credibility.

8. There is no requirement to exhaust      11
administrative remedies.

9. The Magistrate Judge did not explain its      12
ruling because it did not demonstrate
how the facts were still in dispute.

10. The District Court did not give any      12
explanation for its denial of the
Motion for Relief of Judgment.

11. Judge Brookes should have      13
recused sua sponte.

12. The District Court should      13
have appointed counsel.

13. Motions to Compel Discovery      14

14. The District Court's refusal to      14
sanction was an abuse of discretion.
I gave proper context in the motions
in the district court.

15. First Amendment Retaliation and      15
whether I committed a "true threat."

## TABLE OF AUTHORITIES

| Legal Citation | Page |
|---|---|
| □  28 USC § 455(a) | 13 |

Aaron v. Target Corp.,                          7
357 F. 3d 768 (8th Cir. 2004)

DeBord v. Ferguson-Florissant,         8
126 F. 3d 1102 (8th Cir. 1997)

Dorothy J. v. Little Rock School      7
Dist., 7 F. 3d 729 (8th Cir. 1993)

Foman v. Davis                             4

Hall v. Gus Const. Co., Inc.,           7
842 F. 2d 1010 (8th Cir. 1988)

Jarrett v. ERC Properties, Inc.         4

JM v. Francis Howell School         11
District, 850 F. 3d 944 (8th Cir. 2017)

Liljeberg v. Health Services         13
Acquisition Corp., 486 US 847 (1988)

Monette v. Electronic Data Systems  8
Corp., 90 F.3d 1173 (6th Cir. 1996)

Olmstead v. LC, 527 US 581 (1999)    8

Orr v. Wal-Mart Stores, Inc.,        7
297 F. 3d 720 (8th Cir. 2002)

Pottgen v. MO St. High Sch.         8
Activities Ass'n, 40 F. 3d 926 (8th Cir. 1994)

Rayes v. Johnson                        4

Roberts v. Apfel,                        7
222 F. 3d 466 (8th Cir. 2000)

Roberts v. KinderCare Learning     8
Centers, Inc., 86 F. 3d 844 (8th Cir. 1996)

☐ Slaughter v. City of Maplewood                    4

☐ Thongvanh v. Thalacker                            4

## ARGUMENT

**Failure to give any explanation is indeed an automatic abuse of discretion, across the board, not just in criminal sentencing.**

1.      When I pointed out that a district court's failure to give an explanation for its rulings is an automatic abuse of discretion, the Appellees argue that my legal citations are invalid because some of them are criminal sentencing cases and therefore are not probative in the instant case.

2.      While *some* of the case laws I provided in my Appellant Brief may have concerned criminal sentencing, the case laws provided actually cover a wide variety of scenarios in both criminal and civil cases, including but not limited to refusal …

    (a)      … not granting leave to amend a civil complaint (see *Foman v. Davis*),

    (b)      … appointment of counsel in a civil case (see *Rayes v. Johnson* as well as *Slaughter v. City of Maplewood*),

    (c)      … an arbitrary and conclusory finding of good faith in a civil case (see Jarrett v. ERC Properties, Inc.), and

    (d)      … a reduction of a jury's damages award in a civil case (see Thongvanh v. Thalacker).

3.     The wide variety of cases cited in the Appellant Brief shows that the requirement that the District Court sufficiently explain its rulings applies to all stages of every judicial proceeding, not just criminal sentencing.

4.     Therefore, any time either District Court fails to give any explanation for its rulings, this is an abuse of discretion and should be overturned.

**The Appellees argue that the requirement to give an explanation only applies if the Appellate Court cannot ascertain the District Court's motives.**

5.     The Appellees correctly point out that the aforementioned precedent exists primarily to ensure that Courts of Appeals can adequately sit in review of the District Court's actions, and is not meant to entitle parties to exceptionally long and detailed explanations for the simplest of rulings. This is true. However, even by the Appellees' standard of when a District Court is required to give an explanation, the District Courts have repeatedly fallen short of even this standard. Indeed, there are several points in even the Appellees' own brief where they admit that they do not know the reason why the judges made the decisions they made, and instead attempt only to speculate as to the judges' reasoning.

6.     One instance where the District Court's failure to give an explanation would constitute an automatic abuse of discretion is when the District Court gives absolutely no explanation whatsoever. There have been several instances in this case where the District Court has failed to do that, including, but not limited to …

    (a)     … denying the Motion to Clarify its order denying the First Partial

Motion for Summary Judgment, based on 10th Circuit precedent that is trumped by this Circuit's binding precedent,

(b)      … Denying on two separate occasions to relieve the judgment,

(c)      … placing an arbitrary restriction on the discovery that would be allowed regarding the Defendants' computer files, and

(d)      … refusing to sanction the Defendants for their frivolous discovery objections in the same order.

(e)      … the numerous arguments and claims presented to the Court that the Court refused to even acknowledge, let alone gave any explanation for his rejection of, including, but not limited to …

    i.      … the fact that the statements I allegedly made over the phone – even if they could be proven to be true – do not rise to the level of "true threat" that is required to override my First Amendment rights. Therefore, for the Defendants to retaliate against me on that basis – which they admit to doing – is an act of First Amendment Retaliation in and of itself, and

    ii.      … the fact that the Defendants have not proven that "likelihood of success in the workforce" is even an *essential* eligibility requirement in the first place, which is the exception they raised as a defense to the disability discrimination claim.

7.      Therefore, even by the Appellees' standard, the District Courts have

committed abuses of discretion which must be vacated and remanded.

**The Appellees are changing their story to say that my real or perceived past or present behavior was a factor. The Court cannot consider these arguments.**

8.     Faced with the irrefutable fact that the Defendants considered my disabilities as a factor when deciding whether I was "likely to succeed" in the workforce, they are now, for the first time this case, changing their story to say that my "past and present behavior" was the primary deciding factor. This is the first time this entire case they have raised such issues as my prior suspensions from the University of Arkansas.

9.     It is important to note that this Court cannot consider issues that are raised for the first time on appeal. See Orr v. Wal-Mart Stores, Inc., 297 F. 3d 720, 725 (8th Cir. 2002) ("Ordinarily, we do not consider an argument raised for the first time on appeal"). See also Roberts v. Apfel, 222 F. 3d 466, 470 (8th Cir. 2000) ("it is well established that, unless a manifest injustice would result, a claim not articulated to the district court is subject to forfeit on appeal"). See also Dorothy J. v. Little Rock School Dist., 7 F. 3d 729, 734 (8th Cir. 1993) ("we do not consider arguments raised for the first time on appeal"). See also Aaron v. Target Corp., 357 F. 3d 768, 779 (8th Cir. 2004) ("Arguments and issues raised for the first time on appeal are generally not considered"). See also Hall v. Gus Const. Co., Inc., 842 F. 2d 1010, 1016 (8th Cir. 1988) ("Appellants raised this issue for the first time on appeal. Issue not presented to the trial court will not be considered on appeal").

10.     Therefore, the Appellees are not permitted to argue at this late a stage that

my alleged expulsion from the University of Arkansas made me unlikely to

succeed in the workforce.

### "likelihood of success" is not an essential eligibility requirement.

11.     The Defendants argue that "The ADA does not require a state ... to

compromise their essential eligibility criteria for public programs." However, they

are missing an important point: They have not proven that "likelihood of success in

the workforce" is an essential eligibility requirement. If the eligibility requirement

is not essential, a state has no right to discriminate on the basis of disability for any

real or perceived failure to meet this requirement. The state agency holds the

burden of proof on whether or not an eligibility requirement is in fact essential[1],

---

1  See Monette v. Electronic Data Systems Corp., 90 F.3d 1173, 1184 (6th Cir.
   1996): "[I]f a disabled individual is challenging a particular [eligibility]
   requirement as unessential, the [Defendant] will bear the burden of proving that
   the challenged criterion is necessary"). See also Olmstead v. LC, 527 US 581,
   591 (1999) ("A public entity shall make reasonable modifications in policies,
   practices, or procedures when the modifications are necessary to avoid discrim-
   ination on the basis of disability, ___unless the public entity can demonstrate___ that
   making the modifications would fundamentally alter the nature of the service,
   program, or activity"). See also Pottgen v. MO St. High Sch. Activities Ass'n, 40
   F. 3d 926, 932 (8th Cir. 1994) (same). See also Alsbrook v. City of Maumelle,
   184 F. 3d 999, 1009 (8th Cir. 1999) ("Only if ___a state can demonstrate___ that
   modifications would "fundamentally alter" the nature of the service, program, or
   activity, could a court uphold the state's policy"). See also DeBord v. Ferguson-
   Florissant, 126 F. 3d 1102, 1105 (8th Cir. 1997) ("Title II regulations require a
   public entity to "make reasonable modifications in policies ... when the modifi-
   cations are necessary to avoid discrimination on the basis of disability, ___unless
   the public entity can demonstrate___ that making the modifications would fundam-
   entally alter the nature of the service"). See also Roberts v. KinderCare Learning

and the requirement is not essential simply because the state agency says it is.

12.    The Defendants have not given even the slightest evidence in support of their argument that "likelihood of success in the workforce" is an *essential* eligibility requirement. During discovery, when they were asked to show proof that relaxing or waiving that eligibility requirement would *fundamentally* alter the nature of the service being provided, the worst they were able to offer is that they would have to make some minor changes to the application procedure. That's it.

13.    The Defendants may have the right to discriminate on the basis of disability if I fail to meet their *essential* eligibility requirements, but they have not proven that I failed to do that. They only *claim* that I have failed to do that. Therefore, the District Court's judgment should be overturned.

### A reasonable jury could conclude that my litigation history was a motivating factor.

14.    The Defendants argue that the district court made the right decision when it granted summary judgment in their favor, arguing that they proved that they had non-discriminatory reasons for the adverse action.

15.    They are completely missing the point. On summary judgment, the question is not whether the judge is personally satisfied of the defendants' innocence; the

---

Centers, Inc., 86 F. 3d 844, 846 (8th Cir. 1996) ("A public accommodation must ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless ***the entity can demonstrate*** that taking such steps would fundamentally alter the nature of the ... service[s] ... being offered").

question is whether *a reasonable jury could determine* that my disabilities and/or statutorily protected activities were a motivating factor in the adverse action.

16.     The fact that a prior judge has already stated that a reasonable jury could find in my favor on these facts is, itself, strong evidence that a reasonable jury could find in my favor. By finding that a reasonable jury could not make a verdict in my favor, Judge Brooks is essentially stated that Magistrate Judge J. Thomas Ray was not reasonable or competent in his own finding. Even if *res judicata* does not bar relitigation of the same issues, (more on that in a minute), the fact that a fully competent magistrate judge opined in my favor is a strong indicator that a reasonable jury could do the same.

17.     Besides, the Appellees completely gloss over the primary reason Judge Brooks granted the motion for summary judgment: He did not find that I had failed to prove that the Defendants used my disabilities as a factor in their adverse actions; he made the finding that the Defendants' use of my disabilities is not even an illegal motive to begin with. That is not a finding of fact; it is a conclusion of law, one which the Appellees have made no effort to defend in their brief. Just on that alone, the District Court's judgment should be overturned.

### The District Court could not have made the finding in Appellee's favor without weighing in on the Appellee's witnesses' credibility.

18.     The District Court decided that the Appellee's evidence was "voluminous," and decided that there was no genuine dispute of material fact.

19.    A lack of genuine dispute only exists if no reasonable jury could find in my favor. In other words, if there is any possibility that the jury could simply find that the Defendants were *blatantly lying*, then there is a genuine dispute of fact.

20.    The Defendants offered no evidence except that which they had complete control over. In order to find in the Appellees' favor, the District Court had to make a finding that the contents of the Appellees' evidence was genuine and accurate. Here, the accuracy and sincerity of the Appellees' evidence was 100% subject to their witnesses' individual credibility.

21.    The District Court cannot determine any party's credibility on a motion for summary judgment. It is as simple as that.

22.    Therefore, the District Court's verdict should be overturned.

### There is no requirement to exhaust administrative remedies.

23.    The Defendants argue that I was indeed required to exhaust administrative remedies. However, once again, they offer no *federal* legal citation stating that this is indeed required. They once again offer only state case law, which carries no weight in federal judicial proceedings.

24.    Federal case law unequivocally says that I am not required to exhaust administrative remedies in this case. See JM v. Francis Howell School District, 850 F. 3d 944, 947 (8th Cir. 2017) ("exhaustion is not necessary when the gravamen of the plaintiff's suit is something other than the denial of the IDEA's core guarantee

— what the Act calls a `free appropriate public education.'").

25.     Therefore, the District Court's order should be overturned.

**The Magistrate Judge did not explain its ruling because it did not
demonstrate how the facts were still in dispute.**

26.     The Appellees argue that the Magistrate Judge gave an explanation in his
recommended partial disposition, and that, because of this explanation, District
Judge Moody was not required to provide an explanation. This is demonstratably
false.

27.     The Magistrate Judge, in his Recommended Partial Disposition, only stated
that some facts in this case were "in dispute." He did not demonstrate *what
evidence* was in the Appellees' favor or how this evidence presented a genuine
dispute of material fact. Simply declaring that the facts are "in dispute" is no more
of an explanation than simply stating that the case is "without merit." That is not an
explanation.

28.     Therefore, the Eastern District Court's order denying my First Motion for
Partial Summary Judgment still needs to be overturned.

**The District Court did not give any explanation for its
denial of the Motion for Relief of Judgment.**

29.     The Appellees argue that the District Court is only required to give
explanations for its rulings insofar as is necessary to enable appellate courts to
understand the reasoning behind its rulings. However, even by the Appellees'

incredibly lax standard, the District Court's orders denying the Motion for Relief of Judgment fails. The District Court gave no explanation whatsoever for its denial. Therefore, even by the standard which the Appellees advocate, the District Court's order should be overturned.

### Judge Brookes should have recused sua sponte.

30.    The Appellees argue that I never filed any motion in this case for Judge Brooks to recuse. However, now that there is evidence that he holds a grudge and personal vendetta against me, he should have recused sua sponte. See 28 USC § 455(a) ("Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned"). See also Liljeberg v. Health Services Acquisition Corp., 486 US 847, 862-870 (1988) (affirming relief of judgment for a failure of the first judge ot sua sponte recuse, even when the first judge was not subjectively aware of the grounds for recusal).

31.    Judge Brooks has openly admitted that he does not like me, and uses his personal dislike of me as a factor in his judgments.

### The District Court should have appointed counsel.

32.    The Defendants argue that the District Court gave good reasons not to appoint counsel. This is false. The District Court only articulated a single grounds on which to deny appointment of counsel, and that one grounds it gave is not one

of the criteria that this Court has required to be considered when deciding whether to appoint counsel.

33.    In fact, the Appellees have actually *admitted* that one of the biggest factors on such a motion is actually in my favor! During this appeal, in their Second Motion for Extension of Time to file their brief, they acknowledged that this case was exceedingly complex, thus necessitating extra time to prepare. This is one of the biggest factors that district courts are to consider when deciding whether to appoint counsel, and Appellees have now *conceded* that this factor is in my favor.

34.    All of the decisions of both District Courts that were entered after that order was filed should be vacated and remanded.

### Motions to Compel Discovery

35.    The Appellees admit that they do not know the real reason why the District Court only limited the discovery to Microsoft Word documents. By the Appellees' own admission, the District Court's order came completely out of nowhere. They attempt to *speculate* about why this restriction was put in place, but by their own admission, they do not know for sure why he did it.

36.    Therefore, the Defendants have *admitted* that the District Court acted outside of its discretion when it imposed a restriction on the discovery that neither party asked for. Therefore, the case should be remanded.

### The District Court's refusal to sanction was an abuse of discretion. I gave proper context in the motions in the district court.

37.    The Appellees' only argument against the District Court's repeated refusal to
sanction their frivolous discovery objections and motions is that I did not provide
proper context in my Appellant Brief, and therefore, they should not be required to
rebut an argument that is not present.

38.    For a party that argues that the Magistrate Judge's explanation relieves the
district judge of having to provide an explanation of his own, it is ironic that the
Appellees conveniently forget that I did indeed provide context for why they
should have been sanctioned by the District Court … during the district court
motions where I originally sought for them to be sanctioned.

### First Amendment Retaliation and whether I committed a "true threat."

39.    Last but not least, it is important to note that the Appellees have, once again,
completely ignored the argument that was timely raised in the District Court and
subsequently properly argued on appeal: The fact that the statements I allegedly
made over the phone – even if they could be proven to have actually happened –
do not rise to the legal definition of a "true threat" for First Amendment purposes.
Therefore, for the Defendants to retaliate against me for those statements – which
they admit to doing – is an independent act of First Amendment Retaliation in and
of itself.

40.    The Appellees have completely failed, at both stages of this case, to even
acknowledge this argument, let alone offer evidence or legal citations to rebut it.

Also, the District Court completely failed to even acknowledge this argument in the first place, let alone provide even an iota of explanation for why he found it to be without merit.

41.     Therefore, for reasons I discuss in Pages 23-25 of my Appellant Brief, this complete failure to address this claim needs to be vacated and remanded.

## CONCLUSION

42.     Wherefore, premises considered, I request that the judgment of the District Court be vacated and remanded for further proceedings. So requested on this, the 7th day of December, 2018.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com